## WOLFLEY et al. *v.* LEBANON MINING Co.

The power of the court to correct a misprision of the clerk at a subsequent term, and make the entry of the judgment and other proceedings correspond with the facts, is undoubted.

*Appeal from District Court of Clear Creek County.*

Mr. W. TELLER now moved to strike the additional record from the files.

Mr. L. C. ROCKWELL, *contra.*

ELBERT, J. At the February term, A. D. 1876, of the supreme court, a motion was interposed by the appellee to dismiss the appeal upon the ground, among others, "That the order allowing the appeal did not fix the amount of the appeal bond."

Upon suggestion of counsel for appellant, it was ordered by the court that the motion stand continued until the next term of the court, to enable the appellants to move the district court to amend the order. The supplemental record, which we are asked to strike from the files, is as follows :

| Lebanon Mining Company of New York *v.* Melvin A. Skinner & Louis T. Wolfley. | *Ejectment.* |
|---|---|

At this day this cause came on for hearing, on motion of defendant to reform and correct the record in this cause, so

it will show that the penalty of the appeal bond was fixed by the court at the time of praying the appeal at the June term, A. D. 1875, at $300, and it appearing to the court that at the time said appeal was prayed to the supreme court, on the 30th day of June, A. D. 1875, the penalty of the appeal bond was fixed by the court at $300, but that the clerk, in making up his record, omitted to embrace and embody that portion of the order in the record.

It is, therefore, ordered and adjudged by the court, that so much of the record as relates to the appeal to the supreme court, and entered on the 30th day of June, A. D. 1875, be, and the same is hereby amended, so as to read that the penalty of the bond is fixed at the sum of $300.

And it is further ordered and adjudged that the appeal of the defendants be granted in this cause, and the penalty of the appeal bond be in the sum of $300, to be approved by· the clerk of this court, and that this order be entered of record now on this 10th day of June, A. D. 1876, as to the 30th day of June, A. D. 1875.

The objection that the record of the court below could not be amended as above, at a subsequent term of the court, is not well taken.

The power of the court to correct the misprision of the clerk at a subsequent term, and make the entry of the judgment and other proceedings correspond with the facts, is undoubted.   Freeman on Judgment, § 72.

In the case of *Doane et al.* v. *Glenn et al.*, an order allowing a bill of exceptions to be filed in vacation, was omitted from the record by mistake of the clerk, and it was held that the court could at a subsequent term allow the record to be amended by inserting such order *nunc pro tunc.* 1 Col. 454.

To enable the appellant to move for this amendment, and to file the record showing it in this court, was the object of the order at the last term of the court, and as a matter of fact the record was filed with the consent, in open court, of the counsel for appellee.

VOL. III.— 38

The record does not show that the plaintiff below had any notice of the motion to reform the record, but the question of notice is not raised by the motion.

Motion to strike from the files

*Denied.*