## KNOX et al. v. McFERRAN.

1. When it is made to appear to this court that alleged evidence, through inadvertence, has been improperly incorporated into a bill of exceptions, opportunity will be given to apply to the court below to amend.

2. Where a party fails to except to the allowance of the amendment, he having had due notice of the application to amend, this court must presume that the court below allowed the amendment upon proper evidence.

*Appeal from District Court of El Paso County.*

Messrs. WILLIAMS & McMORRIS, for appellants, now moved to strike from the files the supplemental record filed herein by the appellee.

Mr. J. C. HELM, *contra.*

*Per Curiam.* It being made to appear to this court that certain alleged evidence had, through inadvertence, been

improperly incorporated into the bill of exceptions, this cause was continued to give the appellee an opportunity to apply to the court below to amend the bill of exceptions. This accords with approved practice. *Wolfley et al.* v. *Lebanon Mining Co.*, 3 Col. 296; *Brooks* v. *Bergen*, 40 Ill. 65.

Appellant's counsel was duly notified of the motion to amend and appeared in response to the notice. The amendment to the bill of exceptions, which we are asked to strike from the record, is as follows:

" Now at this day, it being one of the days of the regular October term, A. D. 1878, of said court, comes James H. B. McFerran, defendant and appellee in said cause, by his attorney, and moves the court to amend the bill of exceptions heretofore filed herein; and affidavits of counsel for defendant, and of defendant himself having been filed in support of said motion ; there being no counter affidavits filed, or other evidence in contradiction of the said affidavits filed by defendant; and the notes taken by the court at the trial of said cause having been mislaid and lost; and the said judge having been misled as to the agreement of counsel for the respective parties in connection with said bill of exceptions at the time of the presentation of the same for his approval, and he having in consequence thereof signed the same without a careful inspection thereof; and the court being convinced that said bill of exceptions contains material error, and should be so amended as to conform to the truth ; and due and proper notice having been given counsel for plaintiff and appellants of the submission of this motion; and after argument of counsel thereon : It is hereby ordered and adjudged by the court that said bill of exceptions be amended by striking therefrom all that part of the testimony of James Knox as witness, sworn and examined in said cause in behalf of plaintiff, contained in the following statement : ' And I, as cashier, let McGovney have the money to make the last payment due on Rose's bond for a deed;' also, ' I, as cashier of the First National Bank, took the assignment as part payment of

McGovney's indebtedness due the bank.' ' He was allowed two thousand dollars for the premises in question, and credit was given him therefor by the bank.' "

Of the contents of the affidavits filed in the lower court, we are not apprised. Nor do we know whether the judge allowing the amendment had any recollection touching the alleged testimony that had been erroneously inserted in the original bill. Although the judge's minutes of the testimony taken at the trial were lost or mislaid, there may have been other and sufficient data to amend by. The appellants failed to except to the allowance of the amendment. Had appellants made it appear to this court by a bill of exceptions, that the lower court had no sufficient means of information by which to make the amendment, the motion to strike out would rest upon a much more substantial foundation. But in the absence of such exception we must presume that the court below allowed the amendment upon proper evidence. *Wallahan et al.* v. *The People*, 40 Ill. 103.

Motion to strike out will. be

*Denied.*