## PLEYTE v. PLEYTE.

PRACTICE IN SUPREME COURT ON APPLICATION TO CORRECT THE
RECORD BELOW.— An application to correct the record in a cause
pending before the supreme court does not lay the foundation for
a new proceeding on error.   When leave is given to apply in the
court below for such correction, and the application is granted or
refused, the proceedings thereon should be reported as an amend-
ment to the transcript in the original cause.

*Error to District Court of Arapahoe County.*

MOTION to dismiss writ of error.

Messrs. SULLIVAN & MAY, for plaintiff in error.

Messrs. PATTERSON & THOMAS, for defendant in error.

CHIEF JUSTICE HELM delivered the opinion of the court.

Dirk Pleyte obtained a decree of divorce in the superior court of Denver from Elizabeth Pleyte, his wife. To review that decree, Mrs. Pleyte subsequently sued out of this court a writ of error, and the cause was here docketed as No. 2,494. Counsel for plaintiff in error afterwards discovered what they claim to be a clerical mistake in recording certain action in the court below. Upon application, this court suspended further proceedings in that cause, so that counsel might have the alleged mistake corrected by the trial court. In the meantime the superior court had been discontinued, its records being transferred to the custody of the district court of Arapahoe county under a legislative mandate. To the latter court application was made, upon due notice, by petition and affidavits, for the correction in question. While finding at the hearing that the facts were as claimed by petitioner, and that the petition was presented at once upon discovery of the mistake, the district court nevertheless decided that, as a matter of law, it could not amend the record, and entered judgment denying the application.

Plaintiff in error thereupon took her exception to the ruling in question, sued out the present writ of error, and docketed the cause as a separate and distinct suit in this court. The motion before us is to dismiss this writ of error.

The proceeding in the court below was not an independent suit. It was purely auxiliary to the original divorce proceeding to be reviewed by this court in cause No. 2,494. The object was not to vindicate an independent right of action, or obtain a separate judgment. It was to secure the correction by the court below of an alleged mistake or misprision of its clerk in making a certain record entry, which correction was deemed essential to a proper review of the matters before us in the

case referred to. The result of these supplemental proceedings should have been reported as an amendment to the transcript filed in the former cause. They should not have been brought here as a foundation for a separate suit upon error. Such is the established practice of this court in similar cases. *Wolfley v. Mining Co.* 3 Colo. 296; *Knox v. McFerran*, 4 Colo. 348.

By the statute of 1889 (sec. 5, p. 73, and sec. 1, p. 78), rulings subsequent to final judgment are expressly made reviewable; but we do not construe these provisions as abrogating the former practice of the court, and authorizing a new and independent writ of error in cases like the one at bar. When the court below, as in the present instance, declines to make the correction demanded, counsel, of course, does not tender his supplemental transcript for the purpose of having it govern the final hearing. He presents in this way, for consideration under the statute of 1889, the alleged errors committed in refusing his application to correct the record. It may be necessary to dispose of the new matters thus brought before the court prior to a final hearing of the cause. If so, the parties can be heard in pursuance of appropriate special orders adopted for the purpose.

The present writ of error must be dismissed, but counsel may withdraw the record, and, upon notice, tender it for leave to refile as a supplemental transcript in No. 2,494.

The foregoing conclusion is decisive of the motion before us, and we deem it improper to consider at this time the conflicting views of counsel upon the correctness of the ruling in question by the court below. It will be time enough to examine these matters when the supplemental transcript is filed, if counsel shall determine to present the same in accordance with the foregoing suggestion. The motion is sustained and the writ of error is accordingly dismissed.

*Writ of error dismissed.*