PLEYTE v. PLEYTE.

1. PRACTICE IN SUPREME COURT CONCERNING DEFECTIVE RECORDS.—
   When a record lodged in the supreme court is found to be defective,
   the proper practice is to obtain an order continuing the cause for the
   purpose of making application to the court below for amendment
   in accordance with the fact. Then to present a certified copy of the
   amendment, if made, as a supplemental transcript, and upon notice,
   to procure leave to file the same.
2. POWER OF COURTS IN THE CORRECTION OF CLERICAL ERRORS.— Au-
   thority to correct clerical mistakes in their records is inherent in
   courts, and not dependent upon legislative enactment.
3. ABOLITION OF SUPERIOR COURTS AND TRANSFER OF BUSINESS AND
   AUTHORITY TO DISTRICT COURT.— The act abolishing superior
   courts and providing for the transfer of all business therefrom to
   the district court was intended to authorize all proceedings before
   the district court relating to such causes, which the superior courts
   themselves, if still in existence, might entertain.
4. CONSTRUCTION OF SECTION 75, CODE OF CIVIL PROCEDURE.— Section
   75, Code of Civil Procedure, pertains to judicial action, and does not
   deal with mere clerical mistakes.
5. PRACTICE UPON APPLICATIONS TO CORRECT JUDICIAL RECORDS.—
   Clerical errors in judicial records may be corrected at any time; and
   upon the application to correct, the court may receive such evidence
   as would be competent in other judicial investigations.
6. ALL PROCEEDINGS IN A CASE MAY BE REVIEWED IN A SINGLE OPIN-
   ION.— Ordinarily, all proceedings, including those subsequent to
   final judgment, are reviewed by the supreme court at the same time,
   and a single opinion is promulgated covering the entire case.
7. WHEN SPECIAL PROCEEDINGS PERMISSIBLE.— But when such review
   would take place upon a false record, and lead to a false result, spe-
   cial proceedings may sometimes be had to prevent the injustice.
8. ACTION OF SUPREME COURT UPON RETURN OF PROCEEDINGS HAD
   BELOW ON APPLICATION TO AMEND.— Where, upon application to
   the trial court for amendment of the record, the court makes special
   findings of fact, the truthfulness of which is conceded, but denies
   the amendment under a misapprehension of law, the supreme court
   may ignore the erroneous legal conclusion and render such judg-
   ment as the special findings authorize.

*Error to District Court of Arapahoe County.*

ON motion for leave to file a supplemental transcript.

Messrs. Sullivan & May and Coe & Freeman, for plaintiff in error.

Messrs. Patterson & Thomas, for defendant in error.

Chief Justice Helm delivered the opinion of the court.

Subsequent to the issue of the present writ of error, defendant in error, by leave of court, filed a supplemental transcript of record. Plaintiff in error then, for the first time, as it is alleged, became aware of the following record recital, which appears in the supplemental transcript: "Thereupon this cause comes on for trial *before the court* upon defendant's cross-complaint, *neither party desiring a jury*." She asserted the fact to be that she demanded a jury, and at no time by word or act waived the same, but that the court denied her the privilege, and therefore that the recital in question is false, and the true action taken is not recorded. Further proceedings in this court were suspended so that she might procure a correction of the record.

The superior court of Denver, in which the cause was tried, had in the meantime ceased to exist, and its records had been transferred, in pursuance of law, to the district court of Arapahoe county. Application to the latter court resulted in a denial of the amendment. The court expressly found, however, that the facts were as claimed by petitioner; that she did demand a jury and did not waive her right thereto; and that the petition was presented at once upon discovery of the clerical mistake in recording the proceedings. But it held, nevertheless, that, as a matter of law, it could not permit the amendment of the record to correspond with the fact.

Exception being duly taken to the judgment dismissing the petition, a transcript of the proceedings in connection therewith is now presented for filing in this court as a supplemental record. Notice of the present application has been served on opposing counsel, and arguments are filed by both parties. It is agreed that we may at this time

consider and pass upon the correctness of the rulings made in this supplemental proceeding by the district court, as well as upon the technical objections against filing the supplemental transcript here.

The general practice pursued by plaintiff in error in the premises has received the sanction of this court. See opinion upon a former motion in this controversy. 14 Colo. 593, and cases there cited.

The statute, in abolishing superior courts, provided for the transfer of all business pending therein to the district courts. This statute does not in words authorize the latter court to amend or correct the records of the former; but the authority given over such causes, proceedings and records is broad, and, in our judgment, fairly comprehends the power in question. Besides, as we shall presently see, authority to correct clerical mistakes in their records is inherent in courts, and not necessarily dependent upon legislative enactment. The fact that the record was made by another tribunal would induce great circumspection and caution in the premises; and unless, in a proper manner and by proper proofs, the mistake or defect were clearly shown, no correction would be allowed. But we are satisfied that the legislative design in the premises was to authorize any and all proceedings before the district court, relating to causes from the superior court, which the superior court itself, if still in existence, might entertain. No greater danger exists in such cases than in the case where a judge is called upon to correct or amend a record entry made under direction of his predecessor in office.

Courts of review hesitate about interfering where the trial court, exercising its legal discretion, denies such applications as the one before us on the merits. But we do not here encounter this embarrassment. The application in the present case was not denied because of any insufficiency or imperfection of proof. On the contrary, the court expressly found, as already stated, that the clerical mistake in question had been made, and in so finding determined

also what the record should have recited. That court further declared that there was no negligence or delay in presenting a petition to correct the mistake after discovery thereof. We think the application should have been allowed. The reason given by the learned judge for his denial thereof — that because the relief was not asked within six months after adjournment of the term, as provided in section 75, Code of Civil Procedure, the court was without jurisdiction to grant the request — is not good. That provision was not intended to control such matters as are here presented. It affects judicial action and does not deal with mere clerical mistakes. It provides a remedy whereby judgments, orders and other judicial proceedings can, under certain specified circumstances, be amended or set aside. Courts may correct the clerical misprisions of their clerks or other officers, when properly brought to their attention. Seldom, if ever, does the lapse of the term or expiration of six months, or any other period, in and of itself deprive them of authority to rectify these mistakes in accordance with the fact. "All courts have inherent power to correct clerical errors at any time." Freem. Judgm. § 71, and cases cited. Nor, according to the modern and more liberal rule, is the proof required to justify such amendments limited to any particular or specific kind. "At the hearing such evidence is received as would be competent in any other investigation." Id. § 72, and cases cited. The learned author, in the section last above mentioned, quotes with approval the rule laid down by this court upon the subject under consideration in *Doane v. Glenn,* 1 Colo. 456. See, also, *Wolfley v. Mining Co.* 3 Colo. 296; *Knox v. McFerran,* 4 Colo. 348.

Having arrived at the foregoing conclusion, we are confronted with a situation anomalous, to say the least. The action of the district court in refusing to amend the record was error. Ordinarily, all proceedings, including those subsequent to final judgment, are reviewed by this court at the same time, and a single opinion is promulgated, covering

the entire case.    But, without some further affirmative action, such procedure might in the present case produce the grossest injustice.    The review here would take place upon a false record, and the result might be a judgment differing radically from one predicated upon a truthful record.    Justice evidently demands that an order of reversal be entered as to these proceedings, and that they be remanded to the court below with directions to retry the matters involved according to the views above announced, or that the judgment or order of the district court in this behalf be ignored, and the proper order be here entered upon the findings of fact there made.

Counsel, in resisting the application now before us, base their objections entirely upon legal grounds.    They have not disputed the correctness of the findings of fact made by the district court.    So far as at present appears, both parties admit that the evidence before that court fully justified these findings.    The findings themselves, together with all the proceedings, are presented to us in the form of a duly certified and authenticated transcript.    Upon reflection, we have concluded that the ends of justice will be best subserved by entering here the judgment upon the findings that should have been pronounced below.    The power to do this on final hearings, though rarely exercised, is expressly conferred by statute; and we have no doubt of our right to assume it in the present case.    It is, accordingly, so ordered.    The application for leave to file the supplemental transcript is allowed.

*Leave to file supplemental transcript.*