SEELEY v. TAYLOR, EXECUTOR OF SEELEY ET AL.

1. JURISDICTION BY CONSTRUCTIVE SERVICE, WHEN ACQUIRED.—Where the service of summons is by publication the court acquires jurisdiction and control of all subsequent proceedings at the expiration of ten days from the date of the last publication.

2. PREMATURE JUDGMENT, SUBJECT TO REVERSAL.—A judgment based upon constructive service *alone*, though rendered after jurisdiction is acquired, may nevertheless be reversed for error if rendered before the legal time for answering expired.

3. JUDICIAL RECORDS, HOW AMENDED.—Where a judgment was prematurely rendered as upon constructive service when in fact there had been personal service, and the legal time for answering under such personal service had expired before the rendition of judgment, *held*, that the fact of such personal service might be shown by an amendment of the record upon proper notice or by other equivalent proceedings under the practice in this state so as to uphold the judgment.

*Error to County Court of Arapahoe County.*

THIS was an action for divorce commenced in the county court by Nahum P. Seeley, plaintiff, against Amy A. Seeley, defendant. Summons was issued on February 15, 1888, and was followed by the usual steps for obtaining service by publication. The last publication was on March 21, 1888. Default was entered on April 20th, and final decree was rendered on May 9, 1888.

The record further shows the following in substance:

On October 25, 1888, the defendant Amy A. Seeley applied to the county court upon motion and affidavit to vacate and set aside the decree of divorce and to be allowed to defend said action on the merits. In support of her application defendant alleged *inter alia* that she had a meritorious defense to the action, that *summons had never been served upon her in person or in any other legal manner as she believed*, and that she had never had her day in court, etc.

On November 2, 1888, the plaintiff in answer to defend-

ant's application filed his affidavit in which, among other things.he alleged in substance that the defendant had with a full understanding of the nature of the action admitted in writing that she had received valid and sufficient service of the summons. Two copies of the summons with the defendant's alleged written admissions thereon were produced by plaintiff and filed in connection with his said affidavit.

On December 15, 1888, the plaintiff below having died, George H. Taylor, his executor, was substituted as plaintiff, and thereupon he was ordered to show cause why the former decree should not be set aside as prayed in the petition of defendant.. In response to said rule Taylor filed his answer, alleging in substance that the summons in said cause was duly served in person upon the said defendant upon the 6th day of March, 1888, by delivering to said defendant a true copy thereof; that the copy of said summons being delivered to defendant she duly and regularly admitted the service and reception of the same, and among other things indorsed upon said summons that she would not appear to said cause nor defend the same; that she thereupon returned said copy to the then plaintiff, but now deceased; that at the same time she wrote a letter to the attorney for said plaintiff, urging him to secure the decree for plaintiff as speedily as possible; and that said decree was duly entered after said service of summons and after said acknowledgments and requests, in good faith; that afterwards and relying upon the faith and credit of such decree the said N. P. Seeley intermarried with one Mary A. Nettleton; and that it was only after being notified of such marriage that defendant interposed her said motion; and that only questions involving property rights or a desire to gratify personal ill-will can now be urged for vacating said decree.

The defendant replied in substance to the answer of Taylor that by the misrepresentations of plaintiff, N. P. Seeley, she was misled as to the true import and meaning of the summons; denied that she ever admitted the service of said summons, or that she indorsed upon said summons that she

would not appear and defend said cause, or that she ever wrote plaintiff's attorney urging him to secure the decree for plaintiff as alleged, etc.

A petition of intervention was also filed by Mary A. Seeley as the wife of the plaintiff N. P. Seeley by the second marriage, the averments of which were in substance the same as the answer of Taylor. This petition was duly traversed by answer filed by defendant; and said answer was in turn replied to by Mary Seeley.

The court heard evidence as well as the allegations of the parties upon the motion of the defendant to vacate the decree of divorce, and upon the conclusion thereof, on February 4, 1889, overruled said motion. To reverse the decree of divorce the defendant, Amy Seeley, sued out writ of error from this court on January 11, 1890.

Mr. H. B. JOHNSON, for plaintiff in error..

Messrs. PATTERSON & PATTERSON, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

The assignments of error are to the effect, *first*, that the county court erred in rendering judgment without acquiring jurisdiction over the defendant Amy A. Seeley ; *second*, that the court erred in entering default on the 30th day and in rendering final decree on the 49th day after the last publication of the summons.

By the Code of 1887, sections 41 and 44, it is provided that when the service of summons is by publication it shall be deemed complete at the expiration of ten days from the date of the last publication ; and that from the time of the service of the summons the court shall be deemed to have acquired jurisdiction and to have control of all subsequent proceedings. The default and judgment not having been rendered until more than ten days after the last publication of the summons, the objection that the court acted without ac--

quiring jurisdiction over the defendant is not well taken. Nevertheless, under the statute as it then existed the default and judgment were both prematurely entered; and the decree, if based upon such service *alone*, is subject to reversal for error. See Code of 1887, sections 34 and 41 ; also, *Conley v. Morris*, 6 Colo. 212; *O'Rear v. Lazarus*, 8 Colo. 608; *Morton v. Morton*, 16 Colo. 358, construing similar provisions of the original code.

It appears by the supplemental record that between five and six months after the rendition of final judgment the defendant Amy A. Seeley made application in writing to the county court to be relieved from the decree of divorce. She asked that the decree might be set aside and that she might be allowed to defend. The plaintiff first, and after his decease his representatives, under a rule of court, filed answers to the petition of defendant, and the defendant in turn filed replications to said answers. On the part of the defendant Amy, it was alleged that she had not been served with summons and had not appeared in the action. By the answers thereto it was alleged that the summons was duly served upon said defendant by delivering to her a true copy thereof more than sixty days before the final decree was rendered, and that upon receiving said copy she admitted such service in writing. Thus a formal, material and substantial issue relating to the service of the summons was framed, tried and determined in the action.

By the allegations and issue thus framed and submitted the proceeding on the part of defendant was in the nature of an action to impeach and set aside a judgment for want of service of summons ; on the other side it was in the nature of a proceeding to amend the record in the action so that the same might show that there had been valid and sufficient service of summons duly made upon defendant sufficient in form, time and substance to meet the requirements of the statute and sustain the judgment theretofore rendered. An extraordinary proceeding from a common law stand-point, perhaps, but not altogether unprecedented under the reformed

procedure.   The proceeding was voluntarily commenced by plaintiff, was fairly within the scope of the statute, and the issue thus framed was triable by the court.   See Code, sections 75 and 173 ; also, *Hexter v. Clifford*, 5 Colo. 168 ; *Allen v. Tritch*, 5 Colo. 222 ; *Wilson v. Hawthorne*, 14 Colo. 530.

The effect of the trial was not to determine the merits of the original action, but to determine whether or not the defendant had been duly served with summons for such a period of time as to preclude her from contending that she had not had her day in court in the action before judgment. The determination of the issue by the court was general. It was adverse to the application of the defendant to vacate the final judgment.   The record does not disclose that any special findings either upon the law or the facts were requested by either party.   Neither the evidence nor the rulings of the court during the trial have been brought here by bill of exceptions.   Whether or not the court erred in reaching its conclusion cannot, therefore, be reviewed by this court.   The presumption is that it did not err.

The only ground under the issues presented upon which the trial court could have properly denied the defendant's application was that she had received valid and sufficient service of summons, and that by her own laches she had allowed the judgment to be rendered against her.   In the absence of a bill of exceptions showing the contrary, we must presume that the court was governed by proper views of the law in arriving at its conclusion, and that the conclusion was fully warranted by the evidence.   *Knox v. McFerran*, 4 Colo. 348 ; *Rollins v. Board of Commissioners*, 15 Colo. 103.   The result of the trial, therefore, amounted to a judicial determination of record in the cause that the defendant had been duly served with summons the requisite length of time before default and judgment were entered.   A formal amendment of the record to that effect would have been proper and according to the better practice (1 Black on Judgts. 125, 126) ; but under the circumstances of this case we do not

consider that it was absolutely necessary, since the pleadings of the parties, the issue tendered and accepted, and the trial and determination thereof by the court must always remain of record in the cause. *Pleyte v. Pleyte*, 14 Colo. 593, and same case in 15 Colo. 44; *Doane v. Glenn*, 1 Colo. 454; *Beckwith v. Talbot*, 2 Colo. 604; *Wolfley v. Lebanon Mining Co.*, 3 Colo. 296.

In order to consider and give effect to the matters contained in the supplemental record it is not necessary to invoke the act of 1889, Session Laws, p. 78, nor to discard the doctrine announced in *Polk v. Butterfield*, 9 Colo. 325, and followed by *Cross v. Moffatt* and *Hughes v. Felton*, in 11 Colo. Neither of those cases refer to proceedings to amend the original record. They merely declare that under the then existing practice, error could not be assigned upon the decision of the lower court refusing to vacate a judgment previously rendered. The doctrine of those cases cannot be extended to include proceedings to amend the original record so as to make the same conform to the facts as they really existed at the time of the entry of final judgment. In numerous instances this court has expressly recognized and permitted amendments of the records of inferior courts by proceedings subsequent to final judgment, and in some cases such amendments have controlled the decision of the case in this court.

In *Knox v. McFerran*, *supra*, the following language is strikingly analogous to the view we have taken of the present case:

" This cause was continued to give the appellee an opportunity to apply to the court below to amend the bill of exceptions. This accords with approved practice. Appellant's counsel was duly notified of the motion to amend and appeared in response to the notice. * * * The appellants failed to except to the allowance of the amendment. Had appellants made it appear to this court by a bill of exceptions that the lower court had no sufficient means of information by which to make the amendment, the motion to strike out

would rest upon a much more substantial foundation. But in the absence of such exception we must presume that the court below allowed the amendment upon proper evidence."

Amendments by proceedings subsequent to final judgment have not been restricted to amendments of the bill of exceptions. In *Calvert v. Calvert*, 15 Colo. 390, a decree rendered in the county court upon service of summons by publication was finally reviewed and affirmed upon three separate transcripts. The errors assigned relating to defects in the record pertaining to constructive service, were held to be cured *by proceedings subsequent to final judgment, as shown by the additional and supplemental transcripts.*

In the present case no error is assigned upon the proceedings subsequent to final judgment. Those proceedings remain of record unchallenged and in full force and effect. The defendant below certainly cannot now be permitted to ignore them. She might, perhaps, have sued out a writ of error to reverse the original judgment as prematurely rendered without first appearing below to have the same set aside. But having voluntarily appeared and participated in the subsequent proceedings she must be held bound by the issue thus framed and determined.

Counsel suggest that Mrs. Amy Seeley was greatly wronged by her husband, and that by upholding the decree of divorce she will be subjected to still greater hardship. Of this suggestion we have no adequate means of judging since the record does not contain the evidence taken either in the original cause or on the subsequent proceedings. The result of the trial is all we can consider. This shows that Mrs. Seeley received a copy of the summons in the divorce suit a long time before any default or decree was rendered against her. This she does not deny. She says she was misled as to the import and meaning of the summons by the misrepresentations of her husband. What those misrepresentations were does not appear. Whatever they may have been she should not have trusted to them. While husband and wife are liv-

ing together in presumable amity, their relation is of such a confidential nature that courts of equity will generally relieve against the abuse of it by either party. But when the parties are separated and a divorce suit is instituted, their relation cannot in general be regarded as confidential. The defendant though a married woman was, under our laws, free at the time the divorce suit was instituted; she was, in legal parlance, *sui juris*, and was entitled to act as she pleased for the protection of her interests either in or out of court. Having admitted service of summons she should have taken timely action if she desired to interpose a defense. This she did not do. She allowed the statutory time for answering to expire. She allowed default and judgment to be entered against her without interposing any objection. She waited for nearly six months thereafter, and until the plaintiff N. P. Seeley had intermarried with another and presumably innocent woman. She waited until—as the record shows—a short time before plaintiff's death, and then, for the first time, appeared in court to contest the regularity of the decree of divorce. That decree was, so far as the record then disclosed, based only upon service by publication; and the time between the last publication and the rendition of the decree was not sufficient by a brief period to make the judgment free from error, though sufficient to give the court jurisdiction. The judgment was voidable, not void. The error could be waived or cured by amendment. 1 Black on Judgments, sec. 85. Without saying that defendant's laches under such circumstances amount to legal ground for upholding a judgment prematurely rendered upon service by publication, it certainly cannot be considered a great hardship that the judgment may be maintained on the ground of "valid and sufficient service." *Roemer v. Denig*, 18 Pa. St. 484; *Harper v. Biles*, 115 Pa. St. 594.

The decree of divorce cannot properly be disturbed; it is accordingly affirmed.

*Affirmed.*

ON PETITION FOR REHEARING.

PER CURIAM. It is insisted that the record shows affirmatively that Mrs. Seeley received the copy of the summons in California since her allegation to that effect is not denied. In her original affidavit to set aside the decree she did not state that she received a copy of the summons out of the state, or at all. In her reply she admits that a copy was mailed to her in California. If she had alleged this in her original affidavit, and such allegation had not been controverted by plaintiff, it would, as counsel contend, according to the rules of pleading in civil actions, have to be taken as true. But new matter alleged in a reply is to be deemed controverted. Code, sec. 71.

Conceding, however, that the summons was delivered to defendant in California, such fact is not conclusive against the validity of the service. The general rule, undoubtedly is, that the delivery of a summons or copy thereof to a defendant without the state is not of itself valid personal service. 1 Black on Judgts., sec. 288; 2 Id., sections 837, 905. But the validity of the service in this case does not depend upon the mere delivery of the summons. It was not alone the delivery of the summons to defendant, but her voluntary return thereof to plaintiff in this state with her written acknowledgment thereon which constituted, in the language of the code, " valid and sufficient service." Thus she made the written admission which gave the court jurisdiction over her person, and which made it incumbent upon her to answer within the statutory time from March 6, 1888, or suffer judgment to be taken against her. Code, secs. 40, 43. In the absence of fraud or other equitable consideration of which no evidence is preserved in this record, we must hold the service to have been sufficient.

It appears by the record that the copies of the summons sent to defendant and by her acknowledged and returned as above stated, were duly proved and filed in the cause, and

thus the record was substantially amended. The indorsements on said copies were shown to be in the handwriting of the defendant; they were addressed to plaintiff; and by them she admitted in effect the service of the summons, saying in substance to plaintiff: I return these papers to you; be satisfied now and leave me in peace; you have your freedom now; I shall not cross you in any way; nor shall I appear and answer, either to admit or deny one thing. That these writings were accompanied by bitter reproaches and severe denunciations of plaintiff by defendant, does not change the fact that she received copies of the summons, and voluntarily and in writing acknowledged and returned the same to plaintiff in this state with full knowledge of the nature and purpose of the action which the plaintiff had brought against her. It is true, she said in one part of the indorsement that she did not know the meaning of the summons; but her whole language taken together clearly shows that she did know; and that she returned them to plaintiff that he might secure whatever earthly law might do for him. If she were really imposed upon or defrauded in any way, the evidence should have been brought before us to show such facts. As this has not been done, we cannot grant relief.

Counsel insist that the court shall decide the legal question " whether a default entered April 20, 1888, upon service out of the state on March 6, 1888, where no copy of the complaint has been served, is or is not valid."

As we have already said, the record does not present a case of service without the state in the ordinary acceptation of the term, but a case of voluntary admission of service by defendant and by her voluntarily returned to the plaintiff *in this state*.

As an abstract proposition it is unquestionably true, that if a copy of the complaint be not served with the summons the defendant is entitled to ten days additional to the twenty or forty days otherwise allowed for appearance and answer. Code, sec. 34. But the code does not provide that a copy of the complaint *shall be served*, nor if served, how the ser-

vice shall be proved. Service of the complaint is not essential to jurisdiction, nor a necessary part of the record proper. The defendant did not either in her petition or ·replication to set aside the decree complain that a copy of the complaint was not served with the summons, nor does it appear that such question was at any time or in any manner raised or determined in the court below. Hence an attempt to review such question in this court has seemed unnecessary, if not altogether improper.

. *Petition denied.*