THE WATER SUPPLY AND STORAGE COMPANY v. TENNEY, WATER COMMISSIONER, ET AL.

BILL OF EXCEPTIONS, BY WHOM AUTHENTICATED.
The judge who presided at the trial may settle, sign and seal the bill of exceptions after the expiration of his term of office.

*Appeal from the District Court of Larimer County.*

MOTION to strike from the record the bill of exceptions.

Mr. CHAS. H. TOLL, Mr. C. M. GARWOOD and Mr. W. R. BARBOUR, for the motion.

Mr. H. N. HAYNES, Mr. H. I. GARBUTT and Mr. G. W. BAILEY, opposing.

MR. JUSTICE CAMPBELL delivered the opinion of the court.

The term of office of Hon. S. S. Downer, district judge of the eighth judicial district, expired January 8, 1895. Three days prior thereto, in the district court of Larimer county, Judge Downer presiding, the decree in this case was entered, from which an appeal to this court was granted, and time given within which to tender a bill of exceptions.

After the expiration of his term of office, but within the time theretofore fixed, there was presented to the ex-judge a bill of exceptions, which was thereupon approved by him, and signed and sealed as a true and correct bill. It was

thereupon lodged in the office of the clerk of the district court, and thereafter filed in this court as a part of the record in the cause. The appellees now move to strike it from the record.

The sole question is: May the bill of exceptions be settled, signed and sealed by the judge who tried the case after he ceases to be judge?

There seem to be three lines of decisions upon this question:

(1) In England and in some of the states, where there is no statute permitting the succeeding judge to sign the bill, the trial court will award a new trial as a matter of right to the defeated party. *Newton v. Boodle*, 54 Eng. C. L. *795, *People ex rel. v. Judge*, 40 Mich. 630; *Owens v. Paxton*, (N. C.) 11 S. E. Rep. 375.

(2) In some states the successor in office may settle the bill of exceptions in a case tried before his predecessor where the statute permits it to be done, and, in Indiana, in the absence of any such authority. *Smith v. Baugh*, 32 Ind. 167, and cases cited.

(3) In other states the rule is that the trial judge may sign the bill after he ceases to be judge. *Fellows v. Tait*, 14 Wis. 156; *Stirling v. Wagner*, 31 Pac. Rep. 1032, where the authorities are reviewed at length.

It is important that the practice in this state be settled. In the jurisdictions wherein it is held that when the judge who tries a case ceases to be judge before the bill of exceptions is settled, a new trial will be granted as of right, it is upon the theory that the settling of the bill is not only a judicial act, but one that can, in the nature of things, be performed only by the judge who presided at the trial, because he, and not his successor, knows what took place during its progress. Upon this holding, the only way to preserve the rights of a defeated party is to give him a new trial, provided he is diligent in making his application therefor.

In the states where it is held that the successor in office

may perform this function, it is either because of express statutory authority, or upon the theory that the act being judicial, and the office a continuous one, whoever fills the office at the time the act is to be performed is competent to sign the bill, the same as any other judicial act that pertains to a cause in court.

In the third class of cases the settling of the bill of exceptions is regarded as a ministerial act, particularly where, as in this state, the statute permits a bill to be attested by affidavits in case the judge who should settle it neglects or refuses to allow the same.

Without discussing at length the reasons that are given for these various decisions, we think those authorities which recognize the power of the judge to settle the bill after he ceases to hold the office are grounded upon the better reason, and that the rule is more consonant with the liberal spirit of the code in observing the substantial rights of the parties to an action and disregarding technicalities. It saves expense to litigants and avoids waste of time, yet preserves to the parties their substantial rights equally as well as does either of the other methods. Besides, it is in accordance with the practice heretofore prevailing in this state, though no decision to that effect has been reported. We therefore establish it as the practice to be followed in cases like the one at bar.

The motion to dismiss is denied.

*Motion denied.*