## DOBSON v. OWENS, SHERIFF, &c.

REPLEVIN—PLEADING—DEFENSE OF OWNERSHIP IN THIRD PERSON.

1. An answer of a sheriff, defendant in a replevin action, which alleges ownership of the property in controversy in a third person is sufficient to avoid a demurrer.

2. The facts explaining and justifying the possession of the sheriff are admissible under a general denial.

[Decided May 29, 1895.  Commenced in District Court, November 11, 1893.]

ERROR to District Court for Weston County. HON. W. S. METZ, JUDGE.

ACTION for the recovery of specific personal property. The material facts are stated in the opinion.

*Meredith B. Camplin,* for plaintiff in error.

The second defense in the answer omits many allegations necessary to complete the defense of justification. It does not show that any command or authority was given to defendant in the writ of attachment. A plea of justification must show not only a valid writ, but that it was in full force at the time of seizure, that the money upon which the writ was issued is still unpaid, and that the officer pursued his authority in taking the property. It is denied that the facts could be proven under the general denial, but even if they could be, it was error to overrule a demurrer to the insufficient separate defense, as such ruling indicates that the facts therein set forth are taken to be a complete defense. That would be prejudicial to plaintiff's rights. (Bowlus v. Ins. Co., 133 Ind., 106; Elliott App. Pro., 669; Messick v. Ry. Co., 128 id., 81; Scott v. Stetter, id., 385; Tewkesbury, 136 Ind.; Abdil v. Abdil, 33 Ind., 460; Norris v. Tice, 39 N. E., 1046.)

*Baird & Churchill,* for defendant in error.

In replevin, a general denial raises every conceivable defense. (Sopris v. Truax, 1 Colo., 89; Halmberger v. Dean, 21 Kan., 93.) Under it there may be given in evidence title in defendant or a third person. (Ferrall v. Humphrey, 12

O., 113; Sch. Dist. v. Shoemaker, 5 Neb., 36; Creighton v. Newton, id., 100; Jensen v. Effey, 10 Ia., 227; Veory v. Small, 16 Gray, 121; Stanbach v. Rexford, 8 Mont., 566; Merrill v. Wedgwood, 25 Neb., 283; Gregory v. Morris, 1 Wyo., 213.) Justification as an officer. · (Bailey v. Swain, 45 O. St., 657; Oaks v. Wyatt, 10 O., 344; Snook v. Davis, 6 Mich., 150; Branch v. Wiseman, 51 Ind., 1.) Value is put in issue. (Thompson v. Scheid, 39 Minn., 102; Bank v. White, 38 id., 471.) All the issues. (Aultman v. Stichler, 21 Neb., 72; 12 Pa. Com. Ct., 273; 81 Mo., 111; 38 id., 160.) Any attempted special defense, added to a general denial, is surplusage. (Davis v. Warfield, 38 Ind., 461; White v. Gemeny, 47 Kan., 741.) The exception to the overruling of the demurrer to the second defense must have been separately preserved. (R. S., secs. 2645-6; Davis v. Hines, 6 O. St., 473; Beason v. Jonason, 14 Ia., 399; Fox v. Monticello, 83 Ind., 483; Lott v. Ry. Co., 42 Kan., 293; Walter v. Walter, 117 Ind., 247; Johnson v. McCulloch, 89 id., 270; Wilson v. Wolfer, 8 id., 398; Leyner v. State, 8 id., 490; W. U. Tel. Co. v. Trissal, 98 id., 566; 22 id., 257; 10 La. Ann., 458; 21 How. Pr., 356; 39 Vt., 598; 2 Allen, 196; 18 Wis., 528; 7 Wall., 131; 9 Ind., 528; 23 Ia., 296; 48 N. H., 580; 38 N. Y., 240; Thomp. on Tr., sec. 2397; 31 Kan., 274; 81 Ala., 159; 87 N. C., 477; 14 S. C., 177; 74 Ga., 598; 43 Wis., 305.) Filing reply and going to trial waived the error, if any, in overruling demurrer. (Richardson v. O'Brien, 44 Ill. App., 243; Hartman v. Evans, 38 W. Va., 669; Plummer v. Roads, 4 Ia., 587; McGaughlin v. People, 17 Ill. App., 306; Walsh v. Colquitt, 62 Ga., 384; Hull v. Alexander, 26 Ia., 569; Gardner v. Hagie, 42 Ill., 291; 22 Ia., 538; 26 id., 297.) An insufficient answer may be aided by the proof. (Johnson v. Bailey, 17 Colo., 59; Bliss Code Pl. (2nd ed.), 438.) The answer demurred to was sufficient.

POTTER, JUSTICE.

The petition in error in this case complains of a judgment rendered by the district court of Weston County on the 6th day of April, A. D. 1894, and several errors are assigned, one only of which is insisted upon. None of the evidence is before

us, except an alias writ of attachment, which was admitted in evidence over the objection of the plaintiff, but we cannot consider that objection in the absence of the other evidence; this is perhaps conceded inasmuch as counsel for plaintiff in error in his brief, there having been no oral argument, discusses but the one assignment of error above referred to, viz.: the action of the court in overruling the demurrer to the answer.

Plaintiff in error brought her suit in the court below for the recovery of specific personal property. The defendant filed an answer containing two defenses, the first being a general denial, and the second setting up that as sheriff of Weston county, on a certain date mentioned, he had received an alias writ of attachment issued out of the district court of Sheridan County, Wyoming, directed to him, in a certain action therein pending, wherein Samuel Westheimer et al. were plaintiffs and J. A. Jones and P. G. Dobson, partners as J. A. Jones and Company, were defendants; that by virtue of said writ said defendant seized and levied upon the goods and chattels described in plaintiff's petition as the property of said P. G. Dobson, and further, quoting the language of the answer, "said defendant alleges on information and belief that the property described in said plaintiff's petition is the property of the said P. G. Dobson, and not the property of the plaintiff herein."

The petition alleged ownership in the plaintiff, and the right to possession is clearly claimed by virtue of such alleged ownership.

The plaintiff filed a demurrer containing two paragraphs, the first paragraph demurs "to defendant's answer," and in the second the demurrer goes to "the further answer of the defendant," thus using the language of the defendant in commencing the statement of the second defense. The ground in each instance being that the facts stated are insufficient to constitute a defense.

It is contended by the counsel for defendant in error that there was but one defense stated in the answer, or attempted to be so stated, but that if there were two, the demurrer was

to both defenses jointly, and was therefore properly over-ruled, one of them, the general denial, being good and sufficient.

We are of the opinion that the answer contains two defenses separately stated and numbered, and that the demurrer in the second paragraph sufficiently attacked singly the second defense.

It may be that this defense is insufficient as a complete justification, and so far as the facts alleged with reference to the writ of attachment, and levy thereunder are concerned, does not present in that respect a complete bar to the action. The allegation, however, that the property in controversy was that of another and not the property of the plaintiff, cannot be overlooked. It is sufficient in itself to avoid the demurrer. The other allegations set up by way of justification can be treated as mere surplusage, as those facts and others necessary to establish the right of the sheriff to the possession of the property are admissible under the general denial; the second defense, conceding that the facts alleged did not constitute a sufficient justification, standing as a defense or allegation of ownership of the property in a third person, which to the petition in this case would amount to a perfect bar if true, and in the absence of proof on the trial connecting such ownership in a third person with the plaintiff's alleged right to possession, showing her to have the right of possession, notwithstanding such ownership, would, if proven, constitute a defense.

We are of the opinion, therefore, that error was not committed in overruling the demurrer to the answer. As no other question is presented, this disposes of the case.

*The judgment is affirmed.*

GROESBECK, C. J., and CONAWAY, J., concur.