[No. 5434.]

## MAHER v. RENSHAW ET AL.

1. **Bill of Exceptions—Requisites**—The bill of exceptions must bear the seal of the judge who presided at the trial. This may not be waived by the stipulation of parties. The successor in office of the judge is not competent to amend the bill by affixing his private seal.—(568)

2. **Amendment**—Where an amendment to a bill of exceptions is desired, notice must be given and a record made of what occurs at the hearing, and a transcript thereof brought to the supreme court.—(569)

3. **Appeal—Dismissal**—Where by reason of the absence of a bill of exceptions the errors assigned were not open to investigation, the appeal was dismissed.—(570)

*Appeal from Gilpin District Court*—Hon. A. H. De France, Judge.

Messrs. O'Donnell, Toney & Graham, and Mr. F. C. Goudy, for appellant.

Messrs. Orahood & Hurlbut, and Messrs. Morrison & De Soto, for appellee.

Mr. Justice Campbell delivered the opinion of the court:

Motion to strike from files bill of exceptions.

The judgment was rendered January 4, 1904, from which an appeal was taken. The transcript was lodged in this court April 13 following. The printed abstract and briefs were not filed within the times prescribed by our rules, but by stipulation extensions were granted, the abstract being filed February 2, 1905, appellant's brief October 3d, 1906, appellees' brief March 30, 1907, and appellant's reply brief April 2d, 1909. In appellees' brief specific attention was called to the fact that the bill of exceptions, though signed, was not sealed by the presiding judge. Such seal is essential and cannot be waived by the most solemn agreement of the parties, as our many decisions hold, and as appellant concedes. On the 16th of November, 1908, about twenty months after appellees' brief was filed, appellant filed an application in this court for leave to withdraw the bill of exceptions for amendment by having the seal of the judge thereto affixed. This application was resisted upon various grounds by appellees, among others that the judge who presided at the trial died May 12th, 1907, after he signed the bill and more than three years after the transcript was lodged in this court, hence the correction could not be made. The request was granted, but without prejudice to

the right of appellees to renew their objections. One of appellant's counsel withdrew the bill and, without notice to appellees, presented it, with the permissive order, to the Hon. Flor Ashbaugh, successor in office of Judge De France, the then presiding judge of the court, who affixed his private seal to the previous signature of Judge De France, and then returned the bill to this court with the alleged amendment thereon.

Appellees have renewed their motion to strike. It must be granted. It has been repeatedly ruled in this state that a bill of exceptions may be authenticated only by the judge who presided at the trial. One of the earliest cases, and perhaps the leading one, is *City v. Capelli*, 3 Colo. 235. It has been frequently cited with approval in subsequent cases, some of which are collated in 1 Mills' Colorado Digest, p. 183. In *Water S. & S. Co. v. Tenney*, 21 Colo. 284, it was held that a judge who tried a case might settle a bill of exceptions after his term of office has expired. This is inconsistent with the right of his successor in office to do so. Judge De France, who presided at the trial and who affixed his signature, but not his seal, to the bill, having died, his successor in office, Judge Ashbaugh, could not authenticate it by affixing his private scroll to the previously affixed signature of Judge De France, and thus give to the document validity as a bill of exceptions.

If, however, Judge Ashbaugh could allow the desired amendment, the proper practice was not observed by appellant in obtaining it. He should have given appellees reasonable notice of the time and place of his application to the district court for the order correcting, or amending, the bill, so that appellees might, if they desired, have opportunity

to resist it. A record of such proceedings should have been made, and a transcript thereof brought to this court, to show the action taken, and the authority for the amendment or change, if any, in the bill. This is the practice which should be observed as decided in *Wolfley v. Lebanon Mining Company,* 3 Colo. 296, *Pleyte v. Pleyte,* 14 Colo. 593, and *Seeley v. Taylor,* 17 Colo. 70.

Appellant says that, since he seasonably tendered the bill to the trial judge, for authentication, he should not suffer by reason of the failure of that officer to affix his seal. This was ruled in *Williams v. People,* 25 Colo. 251. It is, however, due to appellant's neglect that he did not, during the lifetime of Judge De France, withdraw the bill for the desired correction. When he prepared his abstract, he must have known that the seal of the judge was not attached. Appellees, in their brief, called attention to the omission, and thereafter, and before the death of Judge De France, appellant might have applied for and obtained permission to withdraw the bill to have it amended. He did not move, however, until nearly two years after his attention was specifically called to the defect, and then it was too late, for the presiding judge was not then living.

The motion to strike must be granted, and the bill will be stricken from the files. Without a bill of exceptions, there is no proper record upon which the material errors assigned and argued are based. The appeal, therefore, must be dismissed.—*Winters v. People,* 27 Colo. 136.

*Appeal dismissed and judgment affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.

*Rehearing denied* July 6, 1909.