No. 9647.

McKee v. Elwell.

1. Bill of Exceptions—*Attestation by Affidavit.* Where the bill of exceptions is disputed by the successful party, and, owing to the sickness of the trial judge and his subsequent death, remains unsettled, it may be attested by affidavits. The case was held "to be neglect &c. or refusal" within the spirit of the statute. Laws 1911 c. 6 sec. 2.

2. Delay of Plaintiffs In Error, in presenting the bill, for less than three months, is not sufficient to deprive him of the right to verify it by affidavit.

3. WRIT OF ERROR---*Limitation.* The limitation prescribed by Rule 16, is suspended during the pendency of a motion for a new trial.

*Error to the Pueblo District Court, Hon. J. E. Rizer, Judge.*

*Department 2.*

On motion to quash writ of error and strike the abstract (transcript) and bill of exceptions.

Mr. JAMES F. DRAKE and Mr. D. M. CAMPBELL, for plaintiffs in error.

Mr. JOSEPH C. ELWELL, for defendant in error.

Opinion by Mr. Justice Denison.

JUDGMENT was rendered July 5, 1917, a motion for new trial was overruled December 8, 1917 and sixty days granted for bill of exceptions. February 5, 1918, the bill of exceptions was tendered to Judge Rizer, who had tried the case, and he noted the tender and date with his signature. February 14th, 1919, the judge died, having been, ever since the tender, too ill to attend to any business involving controversy. Defendants in error disputed the accuracy of the tendered bill, and therefore it could not be settled by Judge Rizer. The record was brought here July 28th, 1919.

Plaintiffs in error present the bill here, attested by affidavits under the Act of 1911, pp. 10 and 11. That act provides for attestation by affidavits when the trial judge dies or "neglects or refuses", to settle the bill. One point made against the bill seems to be that there was plenty of time to get the bill settled before the judge's death, and that his inability bcause of sickness was not neglect or refusal. Literally perhaps it was not, but according to the spirit and intent of the statute it was, and should be so regarded. *Aggers v. People,* 20 Colo. 348, 38 Pac. 386; *Edwards v. D & R. G. R. Co.,* 13 Colo. 59, 67, 21 Pac. 1011.

It is also claimed that the application for the writ of error was too late, under rule 16. True, it was more than two years after judgment, but we have held that the running

of the two years is suspended during pendency of a motion for new trial. *Bates v. Woodward,* 66 Colo. 555.

The motion is denied.

Garrigues, C. J. and Scott, J., concur.

### On motion for rehearing.

Opinion by Mr. Justice Denison.

It is claimed that Judge Rizer was ill not at the tender of the bill of exceptions, as stated in the opinion, but that he became ill in September following, and that there was plenty of time before that to have the bill settled.

From February 5th until the last of April the bill was in the hands of the plaintiff in error. That is not such a delay as will justify us in refusing the right to verify the bill by affidavit. From the last of April or the 1st of May till September the bill was in the hands of the attorney for the defendant in error, and she is responsible for that delay. What we said in the opinion covers the remainder of the time previous to the verification of the bill by affidavit.

The motion for rehearing should be denied.

Motion for rehearing denied.

Garrigues, C. J. and Scott, J. concur.