BENEDICT, ET AL. v. CITIZENS NATIONAL BANK
OF CASPER

(No. 1711; Nov. 24, 1931; 5 Pac. (2d) 277)

In support of the motion there was a brief by *E. E. Enterline* and *Madge Enterline*, of Casper, Wyoming, and oral argument by *Mr. Enterline*.

In opposition to the motion there was a brief by *Hagens & Wehrli,* of Casper, Wyoming, and oral arguments by *Mr. Hagens* and *Mr. Wehrli.*

KIMBALL, Chief Justice.

This is a proceeding in error that has been heard on two motions—one by defendant in error to strike the bill of exceptions; the other by plaintiffs in error for the purpose of bringing into the record an order made by the District Court Commissioner.

Final judgment in the District Court was entered October 21, 1930, and motions for new trial were overruled December 11, 1930, by Judge Cromer, the judge who presided at the trial. Judge Cromer's term of office expired in January, 1931, when he was succeeded by Judge Murane. The time for presenting the bill of exceptions expired February 9, 1931, unless the time was extended. On the day last mentioned, Judge Cromer made a written order stating that the time for presenting the bill of exceptions was extended until April 1, 1931. This order recites that it was made by Judge Cromer, as "the judge before whom the * * * case

was tried, and who is authorized by law to allow the bill of exceptions.'' The order appears in the certified copy of journal entries, and, with the motion and affidavit on which it was made, is set forth in the bill of exceptions. Within the time as thus extended, the bill was presented to and allowed by Judge Cromer.

The ground of defendant in error's motion to strike is that Judge Cromer, on February 9, after the expiration of his term of office, had no power to extend the time for presenting the bill.

In Stirling v. Wagner, 4 Wyo. 5, 31 Pac. 1032, 32 Pac. 1128, it was held that the judge who tried the case can allow a bill of exceptions after he ceases to be judge. The rule announced by that case has been neither changed by statute nor questioned by decision. A recent statute declares the same rule. Session Laws of 1923, ch. 25.

In 1917, twenty-four years after the decision of Stirling v. Wagner, the statute which provided for the giving of time to reduce exceptions to writing was amended to read as follows (Sec. 5864, C. S. 1920):

''The party objecting to the decision must except at the time the decision is made, and shall have sixty days from and after the date of the judgment, decree, or final order in the case within which to reduce the exception to writing and present the same to the court or judge for allowance. If within said sixty days the party excepting shall make it satisfactorily to appear to the court or judge authorized to allow the bill of exceptions that the party will be unavoidably prevented from presenting the bill within said time, the court or judge by written order may extend said time, but not to exceed sixty additional days.''

This amendment was enacted to become a part of the statutory procedure with reference to bills of exception. The legislature must be presumed to have known that in the procedure it was a settled rule that the judge before whom the case was tried was ''authorized to allow the bill'' after the expiration of his term of office. The amend-

ment does not change this rule, but provides, among other things, for extensions of time also by the "judge authorized to allow the bill." The quoted words must be held to include a judge whose term of office has expired, but who, nevertheless, is authorized to allow the bill. Of course, such a judge is no longer a judge in fact, but in statutes on this subject the word is commonly used to mean a judge or ex-judge authorized to act. The statute construed in Stirling v. Wagner, supra, imposes the duty of allowing the bill on the court "or judge of the court before whom the cause was tried." C. S. 1920, § 5867.

Defendant in error does not question the validity of the statute which, as construed by this court, gave Judge Cromer authority to allow the bill. It is insisted, however, that the granting of an extension of time is a judicial act, and apparently contended that the statute of 1917, § 5864, supra, as herein construed, is invalid because it authorizes the exercise of judicial power by one who is no longer a judicial officer.

A similar contention has frequently been made in questioning the power of the trial judge to allow the bill, or to do other acts in aid of an appeal, after he ceases to be judge. It was made and considered in Stirling v. Wagner, supra. In some jurisdictions it has been held that the allowing of a bill of exceptions, or the settling of a statement on appeal, is a judicial act. See, Elliott on App. Proc. § 798; Hallam v. Tillinghast, 19 Wash. 20, 52 Pac. 329. But under the view expressed in Stirling v. Wagner (4 Wyo. at p. 18, 31 Pac. 1032, 32 Pac. 1128) and many other cases, the bill of exceptions, or other similar record of that which is not shown by the record proper, is purely narrative and historical, and the allowance of the bill, or the making of the record, is a clerical or ministerial act which, under statutory authority, may be performed by the trial judge after he ceases to be a judge. See: Van Buren v. State, 24 Miss. 512; Todd v. Bradley, 97 Conn. 563, 117 Atl. 808, 25 A. L. R. 22; Larkin v. Saltair Beach Co., 30 Utah 86, 83 Pac.

686, 3 L. R. A. (N. S.) 982, 116 Am. St. Rep. 818, 8 Ann. Cas. 977; Water Supply & Storage Co. v. Tenney, 21 Colo. 284, 40 Pac. 442; Storrie v. Shaw, 96 Tex. 618, 75 S. W. 20.

While it is established by unquestioned authority in this jurisdiction that the power to allow a bill of exceptions is not judicial in the sense that it must be exercised by a court or by a judge in office, there can be no doubt that in allowing the bill the court or judge, or judge out of office, may be called on to consider and decide many incidental questions of a judicial nature. In a multitude of other cases, non-judicial officers or boards perform acts which are ministerial or administrative, but require incidentally the consideration and determination of questions of law and fact. See: Willoughby on the Constitution, (2d ed.) § 1062; Farm Inv. Co. v. Carpenter, 9 Wyo. 110, 141, 61 Pac. 258, 50 L. R. A. 747, 87 Am. St. Rep. 918; State ex rel. Wyckoff v. Ross, 31 Wyo. 500, 519, 228 Pac. 636.

It may be conceded that the granting of an extension of time to present a bill of exceptions requires the exercise of discretion and judgment and is a judicial as distinguished from a ministerial act. But we think one who has power to allow the bill may also be given by statute the incidental power to grant an extension of time. In Boulter v. Cook, 31 Wyo. 373, 226 Pac. 447, 451, in considering a statute which, among other things, authorizes a district judge to sign and allow "all bills of exception" in any county where the judge may be when the bills are presented to him, it was said by Chief Justice Potter that the power "to sign and allow all bills of exception must be held to include the incidental act of extending the time for reducing exceptions to writing and presenting the same for allowance." We think we should apply this principle to the case at bar.

The only cited case presenting a similar question was decided in Nebraska. In that state, as in Wyoming, the judge who tried the case may allow the bill after the expiration of his term, and it is held that he may also grant an extension of time under a statute which declares that

"it shall be competent for the judge who tried the cause" to extend the time for allowing the bill. Hanscom v. Lantry, 48 Neb. 665, 67 N. W. 762, 763. In that case, extensions granted by the district judge in office were held to be ineffective. The court said "the duty of a judge with respect to the allowance of exceptions, within statutory limitation, is a continuing one, and does not terminate with the qualification of his successor in office."

It follows that in the case at bar the time for presenting the bill was extended by valid order, and the motion to dismiss must be denied. It becomes unnecessary to pass on the motion presented by plaintiffs in error, as the order which they seek to bring into the record would be superfluous.

Defendant in error will be given 45 days from this date to serve and file brief on the merits.

Motion to strike denied.

BLUME and RINER, JJ., concur.