No. 14,199.

BOWMAN, TRUSTEE IN BANKRUPTCY *v.* MAY ET AL.
(71 P. [2d] 804)

Decided September 13, 1937.

Mr. JAMES R. HOFFMAN, for plaintiff in error.

Mr. THOMAS CAMPBELL, Mr. ALBERT S. FROST, for defendants in error.

*In Department.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

ON motion of plaintiff in error to settle bill of exceptions; and on motion of defendants in error to dismiss writ of error.

It appears that December 18, 1936, final judgment entered; that sixty days were allowed for tendering bill of exceptions; that February 16, 1937, thirty days additional were allowed; that March 17, 1937, the bill was tendered to the clerk of the trial court; that from the date of such tender, the clerk did not know of the whereabouts of the trial judge, who, as subsequently was ascertained, departed this life May 8, 1937; that May 4, 1937, plaintiff in error filed affidavits by his counsel, one of his witnesses, and the official court reporter, all of whom attended the trial throughout, to the effect that the tendered bill of exceptions is true and correct, and the attorney further swore that the trial judge was absent from the state and his whereabouts were unknown; that on the same day notice was served on opposing counsel that the affidavits referred to next above had been filed and attached to the tendered bill of exceptions, and that he had ten days within which to file counter affidavits,

also, that May 15, 1937, application would be made to the presiding judge (not the trial judge) of the district bank of judges where the trial was had, for his signature to the bill of exceptions; that no counter affidavits were interposed, but counsel for defendants in error appearing at the appointed time, objected to signature by the presiding judge, and to the bill generally for that, as said, it was neither signed by the trial judge nor competently authenticated by affidavit, and they now urge similarly for dismissal of the writ of error; that the presiding judge to whom the bill was submitted for signature, refused to allow and settle same; that July 13, 1937, the record proper of the case, the tendered bill of exceptions, authenticated by affidavits, as indicated, and assignments of error, were filed here and writ of error issued.

By our rule 10, ''A bill of exceptions may be tendered to the judge or clerk; if to the clerk he shall note thereon the tender and without delay lay it before the judge,'' who shall fix a time within which written objections to the bill may be interposed. Here, the whereabouts of the judge were not known to the clerk, which, of course, absolved him from the requirement of laying the bill before the judge. Lest it be thought that criticism attaches to the distinguished trial jurist whose absence entered into the difficulties which have attended the settling of the bill of exceptions, we mention that his term of office expired January 12, 1937, so that, while, seemingly, only he, as a judge, could allow and settle the bill (*Water Supply and Storage Co. v. Tenney,* 21 Colo. 284, 40 Pac. 442), still, the public had no such claim on his time and activities as to make it incumbent on him to be available for that duty. On the other hand, the circumstances considered, we think that in the spirit of the Code (§420), his protracted absence should be regarded as equivalent to ''neglect'' or ''refusal'' to sign the bill. *McKee v. Elwell,* 67 Colo. 149, 186 Pac. 714. By authority

of the same provision, resort was rightly had to affidavits in authentication of the bill of exceptions.

■ But, it is said, those making the affidavits were not competent to do so within the meaning of section 420; and in any event, since the affidavits were not attached to the bill when it was tendered, or filed at all within the time limited for its tender, they are not part of the bill, hence to be disregarded. Our analysis of the section, the applicable portion of which we now quote, leads to other conclusion. "In case * * * any judge," it reads, "shall neglect or refuse to allow and sign such bill of exceptions, it shall be lawful for either party excepting to the judgment, or his attorney, to attach to his bill of exceptions the affidavit of two or more persons (at least one of whom shall be other than the party so excepting or his attorney) who were present when such exceptions were taken stating that such bill of exceptions is true and correct." Clearly, we think, the excepting party, or his attorney (acting here), may be one to make the affidavit, and nothing in the language of the provision tends to disqualify for the role one of his witnesses at the trial, another of the affiants to the correctness of the bill. In addition to the two authenticating affidavits already mentioned, both by competent persons, as we think, the official court reporter made affidavit that the bill is correct, and his qualification is not challenged. *Diamond T. G. & S. M. Co. v. Faulkner,* 17 Colo. 9, 28 Pac. 472, cited by defendants in error, was decided under a code provision essentially different from the present one.

■ Until the judge shall neglect or refuse to sign a bill of exceptions, its authentication by affidavit would not be in order. To attach such affidavits to the bill before its tender, or at any time before the judge announces he will not sign, or where, as here, inference to that end is justified, affidavits would be without office. We think the affidavits employed here were timely filed.

Let the bill of exceptions filed on error be settled as the

true bill, and the motion to dismiss writ of error be denied.

Mr. Chief Justice Burke and Mr. Justice Young concur.