Helm, J.
The pleadings and evidence in this case, fairly sustain the following conclusions of fact, viz.: That in 1862 Adolph Guiraud, ancestor of defendants in error, settled upon lands adjacent to Trout creek; that by means of dams and other contrivances he then turned or diverted water from said stream sufficient to irrigate a portion of said lands, and cultivated hay and other crops thereon; that during or before the year 1870, he made a second diversion of water, some distance above his home ranch, by means of a ditch, and cultivated another tract of land therewith; that these diversions included all of the water ordinarily flowing in said stream, but were not greater in quantity than was reasonably necessary for the purposes designed; and that they have been continued since the dates thereof, either by said Guiraud or by defendants in error, who are his heirs at law.
Th'at in August, 1873, plaintiff in error began the construc *82 tion of a ditch above the said lands of defendants in error, and in May, 1874, completed the same and diverted water from Trout, creek therethrough, for the purpose of irrigating lands claimed by him under a pre-emption filing; that said lands were not upon Trout creek, but were adjacent to another stream.
That in the year 1879, plaintiff in error was diverting through his ditch aforesaid from one-half to two-thirds of the whole volume of water in Trout creek; that defendants in error were then unable to procure water from said stream to the extent of their ancestor’s diversions thereof; and that in consequence they were damaged, and were threatened with irreparable injury.
We have recently held that the doctrine of priority of right to water by priority of appropriation thereof for a beneficial purpose, with the qualifications declared in the constitution, is and always has been in force in this State. We have also decided that the locus of its application to the beneficial use designed does not in any way affect the doctrine; and that a prior appropriator of water is entitled to it, as against a subsequent settler upon the stream from which it is taken, although he carries it over an intervening divide and uses it to irrigate lands adjacent to another stream. (Coffin v. Left Hand Ditch Co., 3 Colo. Law Rep., 479; No. 9, Vol. 1 Denver Law Journal.) This disposes of two questions presented in the case before us.
Had there remained water in the stream after such diversion and use by Guiraud, plaintiff in error would have had the undoubted right to appropriate the same. But since Guiraud diverted the usual flow of water to the full extent thereof, plaintiff in error could acquire no absolute right to any part of such usual or ordinary flow when required by defendants in error; he might divert and use the same at such times as Guiraud or those who held under him were not in need thereof, and whenever there was an excess over the ordinary flow, he might legally appropriate water to the extent of such excess; but when there was not enough for both, the diversion of plaintiff in error must give way to the prior right of defendants in error to the extent of Guiraud’s original appropriation.
We concede that Guiraud could not appropriate more water than was necessary to irrigate his land; that he could not di *83 vert the same for the purpose of irrigating lands which he did not cultivate or own, or hold by possessory right or title, to the exclusion of a subsequent bona fide appropriator. And we also admit the proposition that the removal of water for drainage simply, without applying the same to any beneficial use, is not such an appropriation thereof as gives a prior right thereto.
But in view of our conclusions of fact above stated, we do not think these principles applicable to the case. There is some testimony concerning a drainage ditch on the “home ranch” of Guiraud, but his diversions of water above mentioned are in no way dependent upon or connected with this ditch. And the water diverted was immediately applied to the cultivation of lands then in his possession, or under bis control, though several years elapsed thereafter before he obtained title thereto.
We do not agree with counsel for plaintiff in error in their position, as we understand it, that the appropriation of water by Guiraud in 1862 was not valid or permanent, because he constructed no ditches. Some of the witnesses testify that he did construct ditches, but it is unnecessary for us to weigh the testimony and determine the preponderance thereof upon this question.
If a dam or contrivance of any kind will suffice to turn water from the channel of the stream and moisten the lands sought to be cultivated, it is sufficient, though no ditch is needed or constructed. Or if land be rendered productive by the natural overflow of the water thereon, without the aid of any appliance whatever, the cultivation of such land, by means of the water so naturally moistening the same, is a sufficient appropriation of such water, or so much thereof as is reasonably necessary for said use. The true test of appropriation of water is the successful application thereof to the beneficial use designed; and the method of diverting, or carrying the same, or making such application, is immaterial.
Inasmuch as the decree does not fully accord with the views herein expressed, it becomes necessary to modify the same. The cause will be remanded to the District Court, with directions to enter a decree finding that plaintiffs below have a prior right to the water of Trout creek over defendant, to the extent *84 of the prior appropriation thereof by Guiraud; and commanding defendant, the said Wm. A. Thomas, to desist and refrain from diverting the water, or any part thereof, from said stream, or in any manner interfering with the same to the detriment or injury of plaintiffs in their necessary use thereof to the extent of such prior appropriations.
Brazee & Billinger, for plaintiff in error.
R. D. Thompson and C. A. Wilkin, for defendants in error.
Defendant, the said Thomas, to pay all costs except those connected with the proceedings in error; as to the latter costs, judgment will be rendered in this Court against each party for the undivided one-half thereof. Decree modified.