Richmond, P. J.,
delivered the opinion of the court.
The plaintiff in error, The Farmers Independent Ditch Company, filed its complaint October 28, 1890, alleging: “Its existence as a corporation, and that for a long time last past it has been and now is in the lawful possession, control and management of that certain irrigating canal in Weld county, known as The Farmers Independent Ditch, and by virtue of such possession, control and management is required to carry and distribute, and has carried and distributed water from the Platte river, to its stockholders and others entitled to the use of the same, for irrigation and other beneficial purposes.
“ That this suit is brought by plaintiff for itself and on behalf and for the use of its said stockholders in, and the users and consumers of water from said ditch. That the rights of plaintiff and the rights of its said stockholders, and the users and consumers of water for irrigation and other purposes as aforesaid, accrued to them and each of them, by reason of the construction of said canal, and the taking of water by the means thereof, from the Platte river, and the distribution and beneficial use of the same upon lands lying thereunder, at and of the date of November 20, ’65, whereby an appro *257 priation of the use of the water from the Platte river, was made and perfected according to the then existing laws of the land by and for the use of the consumers and users of water from said ditch. That the amount so taken, used and appropriated as aforesaid, as of the 20th day of November, 1865, is sixty-one and sixty one-hundredths cubic feet of water, standard measurement, per second of time; that the use of said amount has continued without interruption from the said 20th day of November, 1865, up to the present irrigating season of 1890, and until interfered with by the defendants hereinafter set forth, that said amount of sixty-one and sixty one-hundredths cubic feet is necessary to supply said users and consumers of water in the irrigation of their crops and in carrying on their agricultural operations upon the lands lying under and irrigated from said ditch, at all times during the irrigating seasons of the year.
“ That heretofore, to-wit, on the 28th day of April, A. ». 1883, a decree was entered in the district court of the county of Arapahoe, and in and for water district No. 2, which provided, inter alia, that the users and consumers of water for irrigation and other purposes, from the said, The Farmers Independent Ditch, were entitled to the priority of the use of the water not theretofore appropriated, flowing and to flow into the Platte river during the irrigating season each year, and to an amount not to exceed sixty-one and sixty one-hundredths cubic feet per second as of the date of November 20, 1865. * * *
“ That afterwards, to-wit, about the 21st day of December, 1874, the defendant, The Agricultural Ditch Company, and its predecessors in interest, built and constructed that certain ditch in Jefl'erson county known as The Agricultural Ditch, and thereby claim to have appropriated one hundred and one and T5^0- cubic feet. That the said, The Agricultural Ditch, is taken from Clear creek in Jefferson county, that said stream known as Clear creek, is one of the main tributaries of the said Platte river aforesaid, and empties into the Platte river in the county of Arapahoe, state of Colorado, *258 and at a point in said river above the headgate of the said, The Farmers Independent Ditch. That the said alleged appropriation of the Agricultural Ditch, and its claim of right to the use of water, if any it has, is wholly subsequent and junior to the appropriation of the plaintiff company, and the users and consumers of water from its said ditch. That the waters flowing in said Clear creek, as well as in the other tributaries of the Platte river, are necessary to supply the said appropriation of the plaintiff, and others- senior to it, and the use of the same belongs of right to said plaintiff, to the extent of its said appropriation, subject only to the rights of senior appropriations.
“ That defendant, The Agricultural Ditch Company, has interfered with and taken the water flowing in Clear creek, appropriated as aforesaid by plaintiff, and has wrongfully turned and caused to be turned, the same into its said ditch, and so deprived plaintiff, and the users and consumers of water from its said ditch, of the waters so flowing through the said Clear creek into said river, and of its appropriation and use of the same for irrigation and other beneficial uses. That during the large part of the irrigating season of 1890, plaintiff has been illegally deprived of its said use of water and the benefits of its appropriation thereof, by means of said wrongful acts and doings of said defendant company, whereby the crops and agricultural products of the farmers and others as aforesaid, dependent on the water of the said, The Farmers Independent Ditch,have been in a large measure lost and destroyed. To its damage and the damage of users of water for its said ditch, for whom it sues, in the sum of fifty thousand dollars.
“ That the said James P. Maxwell is state engineer, that said Isaac H. Batchellor is superintendent of irrigation for water district No. 1; that said J. G. Hartzell is water commissioner of water district No. 7. That they and each of them, have allowed and permitted the said, The Agricultural Ditch Company, to take and divert the waters flowing through Clear Creek into the Platte river, and appropriated by this plaintiff, *259 into the said, the ditch of The Agricultural Ditch Company, and have permitted the said, The Agricultural Ditch Company, without any right or authority of law whatsoever, to interfere with the -rights and appropriations of plaintiff as aforesaid, to their great damage, as aforesaid.
“ That defendants are now taking and threatening to continue during .the present irrigating season and further seasons, to take and use the water so appropriated as aforesaid, by plaintiff, and plaintiff has therefore no adequate remedy at law for the redress for such injury and damage; that the result of said taking, and continued taking and use of water as aforesaid, in denial of the right of plaintiff, will result in irreparable and continuing damage and injury to plaintiff.”
Prayer for injunction and damages. To this the following demurrer was interposed.
“1. That said complaint does not state facts sufficient to constitute a cause of action against said defendant.
“ 2. That said complaint does not state facts sufficient to entitle said plaintiff to the relief asked, or any relief whatever, against said defendant, either alone or jointly with the other defendants in said action.
“ 3. There is a defect of parties plaintiff in said complaint, in this, to wit: That the alleged stockholders and users of water through and from the ditch alleged to belong and to be in the possession of said plaintiff, are not joined with or made parties plaintiff in said suit.
“ 4. Because said complaint is uncertain and insufficient in this, to wit: That it does not state the facts showing the appropriation and continuous use by the said plaintiff and its alleged stockholders and consumers of the water, and the acts by means of which they acquired priorities attempted to be set up in said complaint.
“ 5. The said complaint does not state facts sufficient to constitute a cause of action against this defendant or against this defendant jointly with its co-defendants herein, in this, to wit: That it does not state facts sufficient to show that the said defendants, or any of them, were parties to or in any *260 manner affected or concluded by the alleged decree of priorities referred to and relied upon in said complaint.
“ 6. Because said complaint is uncertain, ambiguous and unintelligible, in this, to wit: That it fails to set up the whole of the alleged decrees mentioned therein, or a sufficient portion thereof, to show any right or rights thereunder accruing to the said plaintiff, or any binding force thereunder of the same against this defendant or any of the defendants herein.
“ 7. This court has not, and cannot have jurisdiction to inquire into, and determine the matters sought to be the subject of litigation in said complaint in this case, for the reason that as appears in and by said complaint there is now pending, and has been an adjudication concerning, the same subject-matter.
“ 8. That there is a defect of parties defendant in said suit, in this, to wit: That the parties using and consuming water in said district No. 7, are not joined with the other defendants herein.
“ 9. That there is a misjoinder of parties defendant herein, in this, to wit: That this defendant is improperly joined and united with the other defendants herein, to wit: James P. Maxwell, as state engineer; Isaac H. Batchellor, as superintendent of irrigation for water district No. 1; J. G. Hartzell, as water commissioner for district No. 7.
“ 10. And that said complaint is otherwise uncertain, unintelligible, and ambiguous, and insufficient to be answered unto by this defendant.”
The demurrer was sustained and plaintiff elected to stand by the complaint, and prosecutes this error.
The only question for our consideration is whether or not the court erred in sustaining the demurrer. A determination of this question is not without difficulty. The increase in the agricultural interests of the state, the necessity for water to irrigate lands devoted to this purpose, and the scarcity of water in various of the streams in the state, renders it absolutely essential that caution should be exercised by the courts in reaching conclusions involving such rights. In our *261 opinion it is absolutely necessary that when one seeks to enforce an alleged right to the use of water as against others, that the complaint .should contain every essential averment necessary to show the existence of such right under the provisions of the constitution of the state, the statutes and the various conclusions reached by the supreme court, wherein provisions are made and interpretations given concerning such right or rights.
In order that a thorough understanding of our conclusion may obtain, we have deemed it prudent to incorporate into the opinion the complaint and demurrer, believing a careful examination of them will make our position more intelligible.
In the case of The Farmers' High Line Canal & Reservoir Co., et al. v. Southworth, 13 Colo. 111, a similar question was presented for the consideration of the court. It is true, in that case there is seemingly a conflict of opinion between the justices then composing the bench, but we think sufficient can be gathered from each of the opinions to demonstrate the fact to be, that the demurrer to the complaint in this particular case was properly sustained. In the opinion of Justice Hayt, in commenting upon the case of Thomas v. Guiraud, 6 Colo. 533, and other cases, this language is used: “ In the light of these decisions, it seems clear that, at least under some circumstances, different users of water, obtaining their supply through the same ditch, may have different priorities of right to the water; that the appropriations do not necessarily relate to the same time. * * * It is well established that no mere diversion of water from a stream will constitute the constitutional appropriation. To make it such it must be applied to some beneficial use, and in case of irrigation it must be actually applied to the land before the appropriation is complete.”
Let us apply the principle thus announced to this complaint. It is alleged that the suit is brought by plaintiff for itself and on behalf and for the use of its said stockholders in, and the users and consumers of water from said ditch. The names of the stockholders are not mentioned, the number *262 is not given, the quantity of land owned by such stockholders is not set forth, the necessity for the quantity of water claimed to have been acquired by prior appropriations for the purpose of irrigation is not shown. It is averred in a general way. If, as is said, that under some circumstances different users of water, obtaining their supply through the same ditch, may have different priorities of right to the water, and that the appropriations do not necessarily relate to the same time, then, if the contention of plaintiff in error be correct, it should appear by averment in the complaint, that the Ditch Company as well as the consumers and stockholders, have a prior right to those of the defendant in error. It may be, and it can fairly be assumed to be true, that stockholders of the company at the time of the institution of this suit are not the same as those existing as early as 1865. They may be less, they may be more. Some of the land irrigated in the earlier day may have been abandoned, other lands may have been acquired along the line of the ditch subsequent to the admitted date when the Agricultural Ditch Company was incorporated. We are at a loss to see how the defendant company could have answered the complaint without supplying, by its answer, this defect of parties and details.
In the opinion of Justice Helm, he says: “ The act of turning water from the carrier’s canal into his lateral cannot be regarded as a diversion, within the meaning of the constitution ; nor can this act of itself, when combined with the use, create a valid constitutional appropriation. There is therefore no escape from the conclusion hitherto announced by this court, that in cases like the present the carrier’s diversion from the natural stream must unite with the consumer’s use in order that there may be a complete appropriation within the meaning of our fundamental law.”
If this be true, how can it be said that a general allegation that The Farmers Independent Ditch Company is entitled to the use of a certain quantity of water for the purpose of supplying its stockholders and users of water, or that the water so claimed is being appropriated for what is now understood *263 to be a beneficial use, to wit, irrigation of lands, is sufficient. If we understand this conclusion of Justice Helm, it means that the diversion of water from the natural stream by the Ditch Company does not constitute a constitutional appropriation, but that it must appear that the diversion must have united with it the consumer’s use in order that there may be a complete appropriation.
If we are correct in this interpretation of the language, it certainly follows that the names of the individuals, the land to be served by the use of the water, must be set forth in the complaint in order that the defendant can properly and intelligently attack the claim of plaintiff. It is important to aver whether all of the water diverted from its natural channel by the Ditch Company is not so diverted for the purpose of irrigating the land of a few rather than many. In other words, we think that before a court can be called upon to enter a decree in conformity with the prayer of the complaint, the number of consumers who unite their use with the “ carrier’s diversion ” must appear.
The mere fact that the Ditch Company has a decree within a certain district, for a certain amount of water, and its right to the use of that water, is by a certain decree declared to be prior bo others in another district and further down or up the stream, does not, under the conclusion reached by all the justices constitute an appropriation for which a final decree could be entered. The names of the individuals, the date of their appropriations, the amount and quantity of land for which water is needed, must appear in order to show that the diversion and the consumption necessary to constitute the appropriation is prior to any rights acquired at any time by the defendant company.
By Justice Elliott, in his opinion, it is held that a general averment of priority to the use of water through the ditch of the defendant company for the irrigation of his lands antedating the priorities of the other defendants is not sufficient. That the complaint must contain an averment of the fact that the plaintiff has been accustomed to take and apply the *264 water without waiver, or abandonment, or at all, to the irrigation of his crops. Coombs v. Agricultural Ditch Co., 17 Colo. 146.
It is a well recognized rule that a statement of legal conclusions does not constitute a cause of action. The facts upon which the cause of action is based must be stated. And we think that the complaint in this case comes clearly within the rule above recited. In other words', that the assertion of plaintiff’s rights to the use of water is but a conclusion of law. Conceding that there was a decree of a court relative to the rights of the plaintiff company, so far as the appropriation of water was concerned in a certain district, yet such a decree cannot go so far as to conclude the rights of individuals who were not parties to that proceeding, and it is nowhere alleged or averred that the defendant company was ever made a party to the previous proceeding, nor is it shown by what means, by what facts or circumstances, they are precluded from using water from the Platte river or other stream tributary thereto by virtue of the decree.
We think that the complaint fails to state a cause of action. The demurrer was properly sustained. The judgment must be affirmed.

Affirmed.