[No. 1295.]

WINTER v. THE PEOPLE.

PRACTICE—BILL OF EXCEPTIONS—EXTENSION OF TIME.

An order of court fixing the time within which a bill of exceptions may be filed beyond the expiration of the term of court, is a judicial act and must be made during the term of court.   The making of such order at chambers after the expiration of the term, is a nullity. And where an order fixing the time was made during the term, an order made after the expiration of the term extending the time as fixed by such order was without authority and void.

*Appeal from the County Court of Rio Grande County.*

Mr. JOHN W. CRUMP, for appellant.

Mr. JESSE STEPHENSON, for appellee.

WILSON, J., delivered the opinion of the court.

The issues involved in this cause came up for trial in the county court of Rio Grande county on the 11th day of January, 1896, and judgment was rendered on that day. Defendant on the same day prayed an appeal to this court, which was allowed, and he was given thirty days within which to file an appeal bond, and sixty days to tender a bill of exceptions. The appeal bond was filed on February 4, following. On March 11, the sixtieth day after the appeal was allowed, the judge of the court, at chambers, made an order extending for thirty days the time for filing the bill of exceptions. At the making of this order, the appellee was present by his counsel, and excepted to the action of the judge. On April 2, following, within the time as extended, the bill of exceptions was tendered, signed, sealed and filed. The record was filed in this court April 13, 1896, and the abstract on April 28, 1896. On May 16, following, the appellee appeared in this court, and filed a motion to strike the bill of exceptions on the ground that it had not been filed within apt time. This motion was denied, with leave, however, to the parties to argue and present the same on the final hearing of the cause.

This court will take judicial notice that the January Term of the county court of Rio Grande county expired by limitation on the first Monday in March, 1896, prior to the making of the order at chambers extending the time within which the bill of exceptions could be filed. The questions presented therefore are, whether the county judge had power to make an order extending the time within which the bill of exceptions could be tendered, after the lapse of the term at which the order for such presentation or filing had been originally made, and whether he had the power to make any order in reference to the matter at chambers. The office and purpose of a bill of exceptions is to preserve in and make a part of the record such matters as transpired in the progress of the trial that otherwise would not become a part thereof. It is to bring into the record matters which are not parts of the record proper. Elliott, App. Pro. § 797. *Hake* .

*v. Strubel*, 121 Ill. 329.  Ordinarily, the making of a bill of exceptions is spoken of as a judicial act, although there is apparently some conflict of authority on this point.  The seeming conflict, however, is in our opinion more apparent than real.  Properly speaking, the making of a bill of exceptions includes the settling, allowance, signing and sealing by the judge.  It is a complex act, of which the settling and allowance are generally held to be judicial in their character, whilst the mere signing and sealing may be ministerial.  *Hake v. Strubel, supra.*  Elliott, App. Pro. § 798.

In this state the act perhaps assumes more of a ministerial character than usual from the fact that in case of the refusal of a judge to sign, the bill may be preserved by the affidavits of attorneys or other parties present at the trial.  However this may be and whatever distinction may be attempted to be drawn as to the character of the various acts which together constitute the act of making a bill of exceptions, there is no dispute that in this state the act fixing the time beyond the term of court within which the bill may be filed, is wholly judicial.  The Colorado code, section 385, provides in reference to bills of exceptions that "it shall be the duty of the judge to allow the same, and to sign and seal the same at any time during the term of the court at which such exceptions were taken, or at any time thereafter to be fixed by the court." It will be seen that it is the duty of the judge to allow, sign and seal the bill, but the power to fix the time beyond the term of the court when this may be done is vested expressly in the court.  This order is therefore unquestionably a judicial act.  From this section is derived the only authority for the making of a bill of exceptions after the close of the term at which final judgment was rendered.  Without its provisions suitors would be compelled to tender their bills and have them signed and sealed during the term.  Our supreme court has said, in *Gruner v. Moore*, 6 Colo. 530, "As a general rule, all judicial business must be transacted in term, whether there is any express direction to that effect or not. Such judicial business as may be done by the judge out of

court is exceptional, and must find its warrant in some express provision of the statute." It would seem to necessarily follow, therefore, that an order fixing the time within which a bill of exceptions may be presented, being a judicial act, an order extending this time would be in effect a new order, also a judicial act, and could not be made after term, unless allowed by statute. We know of no provision of the statutes, or of the code, which will permit it. It clearly does not come within the terms of code section 408. That applies only to motions and orders in causes then pending in the court presided over by the judge who attempts to act. It has no application to the case at bar, which had proceeded to final judgment and in which an appeal had been prayed and allowed. To have been effective, the order of extension must have been incorporated in the record as of proceedings had and done at the preceding term. It is manifest that under no principle of law could the judge have authority to do this;—to make a record of proceedings which were never had, and of a cause at a term which had expired.

*Hake v. Strubel, supra,* is directly in point, involving the same identical question, and based upon the same facts. The existence of the rule and the reasons for it are so aptly expressed that we quote from the opinion:

" The question we are asked to determine has relation to' the power of a circuit judge, out of term, to open and change the record of a court held by him, and also to the character of the act of a judge in approving, signing and sealing a bill of exceptions in vacation, and whether the allowing and signing of a bill at such time thereby makes the matters contained therein part of the record. It seems to us, the question of power is not an open one, or the rule of practice doubtful. When the February term, 1886, of the St. Clair circuit court ended by final adjournment, the record was closed, and the presiding judge lost control over it. Up to that time the record had remained under his control, and might be changed by him according to his judicial will; but when once the term of the court ended, the record of the

court, as made in term time, became fixed and unalterable, except as it might be changed in the modes and manner known to the law.   This principle is fundamental, requiring no citation of authority in its support, and any departure thereform would inevitably entail consequences dangerous to the administration of justice and injurious to all litigants. * * * The making of the order allowing appeal, and fixing the amount of the bond, and the time in which the bond and bill of exceptions in the cause shall be presented and filed, is a judicial act, which can only be performed by the judge in term time, and when sitting as a court.   The making of the order is an exercise of the judicial power vested in the presiding judge, but the order, when made, is the order of the court.   If, then, the original order of appeal, providing, *inter alia*, within what time the bill of exceptions in the cause might be presented and filed, was a judicial act, which could only be performed by the judge in term time, and when sitting as a court, as we have seen is the case, it follows, that the act of changing such an order by entering another order extending the time in which the bill of exceptions in the cause might be presented and filed, fourteen days, would be of the same judicial character,—an exercise of judicial power; and such an act could be performed by a judge only in term time."

The same principle is affirmed in Missouri and Indiana. *Duvall v. Mastin et al.*, 28 Mo. App. 527 ; *Rigler v. Rigler et al.*, 120 Ind. 431.

We have been cited to some decisions in other states as holding a contrary view.   An examination of them shows that they were based upon statutes peculiar to those states. In Nebraska, there was a statute giving to the judge who tried the cause power in certain cases to extend the time within which the bill could be filed.   *Greenwood v. Cobbey*, 24 Neb. 651.   The cases cited from California were criminal cases, and it seems that there was a special statute in reference to bills of exceptions in criminal causes, and that it was directory merely.   The supreme court of that state in construing this statute, said, " The phraseology is different from

that of the practice act in reference to like provisions in civil cases, and the reason of the rule is likewise different." *People v. Woppner*, 14 Cal. 438. Oregon has a statute similar to that of California, and it followed the decisions of that state. *Che Gong v. Stearns*, 16 Ore. 221.

Counsel for defendant insist that the question raised by this motion is merely technical, that it does not go to the merits of the case, and therefore inasmuch as the trial judge signed and sealed the bill, this court will assume that it was signed in time. We fail to see how we can do this, when the record itself shows that it was not signed in time. Nothing can be treated by this court as merely technical, and therefore subject to be disregarded at will, which is prescribed by statute as the mode for exercising this court's appellate jurisdiction. Elliott, App. Pro. § 128. *U. S. v. Curry*, 6 How. 113.

We therefore conclude that the trial judge was without authority or power to make the order extending the time within which the bill of exceptions could be tendered and filed, at chambers, and after the expiration of the term of court at which final judgment had been rendered, and at which an appeal had been prayed and allowed. It may be true, as urged by defendant, that under this rule inconvenience and possibly injury may sometimes be caused, but these are considerations which appeal to the legislative, and not to the judicial, department. Appellate courts when they have once acquired jurisdiction, are invested with very great powers to relieve from accident, fraud, or wrongdoing of inferior judicial tribunals, and it is possible that in proper cases they might be able to relieve parties from some of the distress which might arise under this rule. No such case is here presented to us, however. For these reasons, the motion to strike the bill of exceptions must be allowed, and it will be so done. The record not being before us for review, it will be presumed that the proceedings of the trial court were regular, and that the evidence was sufficient to sustain the judgment. It will therefore be affirmed.

*Affirmed.*