[No. 1440.]

## VAN DUZER ET AL. V. TOWNE.

1. PRACTICE — BILL OF EXCEPTIONS — ORDER EXTENDING TIME FOR PRESENTING.

An order extending the time for presenting and filing a bill of exceptions beyond the limit of the term of court is a judicial order and must be made during the term. And where the court during the term, by order, fixed a time within which a bill of exceptions should be filed, an order made by the judge in vacation extending that time was void, and a bill presented and filed after the time as fixed by the original order but within the time as fixed by the attempted extension will be stricken out.

2. PRACTICE — AMENDMENTS — BILL OF EXCEPTIONS — RECORD.

The action of the trial court in refusing to allow amendments offered to the pleading does not become a part of the record unless made so by bill of exceptions. The fact that the amendments offered were indorsed as filed by the clerk and copied into the transcript did not make the amendments or the action of the court thereon part of the record.

3. PLEADING — DEFENSE.

In an action to recover for work, labor and money expended about the working of a mine under the allegations of an express contract between plaintiff and defendant, a denial that plaintiff had "paid out any money or moneys of his own in the development of the said mining property" would constitute no defense. So far as the defendant was concerned it was immaterial from what source the money expended by plaintiff was obtained, if money was expended upon the property under the contract.

4. PLEADINGS — PARTIES.

In an action to recover for work and money expended in working a mine under an express contract between plaintiff and defendant, an allegation that a third party after purchasing one-fourth interest in the property undertook and promised to pay his proportional share of the expense, was not sufficient to make such third party a necessary party to the action since it does not appear that said third party was in any way connected with the contract between plaintiff and defendant.

5. PLEADING — AMENDMENT — GENERAL DENIAL.

In an action for work and money expended, under an express contract, in working a mine, where the answer was a general denial, it was not error to refuse to allow an amendment to the answer, to the effect that defendants were to be responsible for the expense of

operating the mine in proportion only to their respective interests therein, since this could be shown, if true, under the general denial.
6. PRACTICE—SUIT TO VACATE JUDGMENT.

A suit in equity to vacate a judgment at law and to grant a new trial does not take the place of a motion for a new trial so as to become a part of the record in the original suit, or to stay proceedings therein, at least, until final judgment therein has been rendered or some injunctive process issued.   The appellate court will not remand a record for amendment so as to include in it the record of a suit in equity commenced in the district court to vacate the judgment appealed from.

*Error to the District Court of Chaffee County.*

Mr. N. M. CAMPBELL, for plaintiffs in error.

Mr. G. K. HARTENSTEIN, for defendant in error.

WILSON, J.

This was an action on contract to recover for alleged services and money expended by plaintiff under employment by defendants in and about the superintendence and operation of certain mining property.   The answer was simply a general denial, no new matters being set up.   Upon trial, the verdict of the jury was in favor of plaintiff.   Upon this, judgment was entered, July 16, 1896, on which day the defendants prayed an appeal to this court, which was allowed.   They were given ninety days from that date within which to present and file their bill of exceptions.   On November 9, 1896, the appeal was upon motion of appellee dismissed by this court without prejudice.   On December 9, 1896, the transcript of record and bill of exceptions was filed in this court on error, whereupon it was ordered that a writ of error issue, and that it become a *supersedeas* upon defendants' filing a bond in the sum of $3,000.   On December 11, the bond was filed and approved, and on the next day, a writ of error was issued and made a *supersedeas* by proper indorsement.   On January 9, in this court, the defendant in error filed a motion to strike the bill of exceptions, because it was not presented

to the trial judge nor signed by him until after the expiration of the time fixed by the court for its presentation.

The bill of exceptions purports upon its face to have been presented to the trial judge for signature and to have been signed by him on December 8, 1896, fifty-five days after the time had expired which was originally allowed by the court. It appears that on October 6, 1896, upon the application of defendants' counsel to the judge of the district court before whom the trial was had, an *ex parte* order was made by the judge at chambers, extending the time allowed to defendants in which to file their bill of exceptions up to and including the first day of February, 1897. Appellants claim that by reason of this order, their bill was filed within apt time, and that the motion to strike should not, in consequence, be allowed. This precise question came up and was decided by this court recently. *Winter* v. *The People*, 10 Colo. App. 510. It was there held adversely to the contention of the appellants. The question was so fully discussed in the opinion of the court in that case that it would be a needless repetition to discuss it again. It is presented in precisely the same manner as in this, there being no different features or circumstances whatever, and the briefs and arguments of counsel herein have not shaken us in our conclusions there reached. The question there and here determined did not and does not arise out of a mere rule of practice established by this court, but upon the construction of an express provision of the code, which is mandatory in its terms, and which this court has no power to vary, even if it should so desire. Even though it did not appear upon the face of the order that it was made at chambers and in vacation, this court would take judicial notice that the term of the Chaffee county district court at which the original proceedings were had, had expired when it was made. Under the provisions of the code, the court might at any time during the same term have extended the time originally fixed for the filing of the bill of exceptions, but after the lapse of the term, the judge would have no such power. When the

term ended, the record of the court was closed, and the presiding judge had no further control over it.· The motion to strike the bill of exceptions must be sustained.

During the trial and after some testimony had been offered, defendants claim that they requested permission to file an amended answer, setting up certain facts, which they alleged would show that there was a defect of parties necessary to the determination of the issues, and praying that one D. W. Sutherland be made a party defendant.     This application was denied, as defendants assert, and they insist that even though the motion to strike the bill of exceptions be sustained, this court is at liberty to consider and review the action of the trial court in refusing to permit the amended answer to be filed.     This action appears, and defendant's exception thereto is preserved, if at all, in the· bill of exceptions, and having now held as we do that this bill must be stricken out, we cannot see upon what theory or ground we can consider or entertain this question.     It is not before us for review. · Nothing appearing in the transcript of record upon which error has been or could be predicated, there is no alternative but to affirm the judgment, which is accordingly done.

*Affirmed.*

ON REHEARING.        . ·

WILSON, J.

After careful consideration of the arguments advanced and earnestly urged by counsel on rehearing, we see no reason to change our views on the material questions involved.     We adhere to the opinion that an order extending the time within which the bill of exceptions could be settled and filed, as well as an order fixing the time originally, are judicial acts, and therefore without the power of the court or judge to make them, except in term time.     The contention of the defendants would lead to the ultimate result that the words "court" and "judge" are used in the code as synonymous and inter-

changeable. We cannot by any means concede such a doctrine. It is subversive of well established rules of law, and would lead to inextricable confusion, and disastrous results to litigants. As was well said by our supreme court in *Gruner v. Moore*, 6 Colo. 530, "Such judicial business as may be done by the judge out of court is exceptional, and must find its warrant in some express provision of the statute." Without a statute permitting the court to fix the time after the term within which the bill of exceptions might be settled and signed, this could not have been done except in term time, and we fail to see wherein the act extending the time after the lapse of the term differs in character from the act originally fixing the time. If one was a judicial act, so must be the other. Whilst our attention has not been called to any decision of our supreme court in which the point here discussed is expressly raised or decided, our position is abundantly supported and impregnably fortified by the reasoning of that court in a number of cases. *Murphy v. Cunningham*, 1 Colo. 467; *Grieg v. Clement*, 20 Colo. 167; *Ritchey v. The People*, 23 Colo. 327; *Robinson v. Railroad Co.*, 24 Colo. 102.

It is possible that we may have fallen into an error in assuming as we did in this case that the order of extension was made without notice to the other party, but the mistake was occasioned by our reliance upon an unchallenged statement of fact in one of the briefs of counsel. This, however, was immaterial. The judge being without power to make the order in vacation, a simple notice to the other party that it would be applied for would not invest him with the power. This question could be material only where it was sought to claim that the defendant in error by his laches or negligent failure to object or to take advantage of such question in apt time waives the point, and brings himself within the rule laid down in *Robinson v. Railroad Co.*, *supra*. There is no such question here presented. The defendant in error in this case moved very promptly, and asserted the invalidity of the judge's act by filing a motion in this court to strike the bill of exceptions.

Defendants insist, however, that this court was in error in holding that the so-called amendments to their answer, offered and refused by the court during the progress of the trial, were not a part of the record proper.   They contend that it was a part of the record proper, because the clerk saw fit to make an indorsement of filing upon the amendments offered, and inserted what purported to be a copy of them in his transcript.   The mere filing of a paper in a cause does not by any means make it a part of the record.   *Wike et al. v. Campbell*, 5 Colo. 126 ; *Rutter et al. v. Shumway*, 16 Colo. 96. Its contents and character determine that question, and not the act of the clerk.   If an instrument is not a proper part of the record, although filed by the clerk and inserted in his transcript it will be disregarded by the appellate court. Elliot, App. Proc. § 196.   Applications to amend pleadings, especially during the progress of a trial, are largely within the discretion of the court.   Applications then made are matters of procedure during the trial, and are not, when refused, intrinsically parts of the record.   The contents of the amendments proposed, and the refusal of the court, must in our opinion be preserved by the bill of exceptions.   Substituted pleadings, when the substitution is ordered, are parts of the record ; if not so ordered, they are not.   Elliott, App. Proc. § 190.   Upon the same principle, if the offered amendments are allowed, it could be said that they become a part of the record proper, otherwise not.   An application or motion to amend a pleading after the issues have been made up and during the progress of a trial are not (if ever at any time) motions affecting or based upon the pleadings so as to bring them within the provisions of sections 60 and 387 of the code, or of either of them.   It is more in the nature of a motion to substitute or add a new pleading.   It neither seeks to attack any pleading nor asks any action of the court based upon or by reason of any infirmity, defect or admission of any pleading.   It would not be necessary for us, however, to decide this question positively, because we have given to defendants the benefit of an examination of the amendments

proposed, and we think that they were properly refused.
They did not tender any new defense, nor did they show
any necessity for D. W. Sutherland being made a party de-
fendant.   This was an action to recover for work and labor
and money expended about the working of a mine, under the
allegations of an express contract made between plaintiff
and defendants.   We fail to see, therefore, how a denial that
plaintiff had "paid out any money or moneys of his own in
the development of the said mining property," was material
or pertinent or would constitute any defense.   So far as these
defendants were concerned, it was immaterial from what
source the money expended by plaintiff was obtained.   The
issue was whether the plaintiff had expended the moneys up-
on the property in pursuance of his contract with defendants.
Nor was there anything at all in the offered amendments to
show that Sutherland was a necessary party.   The averment
of the third amendment was that Sutherland "from the time
of the purchase of the said one-fourth interest, undertook
and agreed to pay his proportional share of the expense."   It
does not charge with whom said agreement was ever made,
and there is nothing to show how he became connected in
any manner with the contract between plaintiff and defend-
ants, upon which this suit was based.   The only other alle-
gation in the proposed amendments was to the effect that
the contract between the parties was that the. defendants
were to be responsible for the expense of operating the mines
in proportion only to their respective interests therein.   This
could have been shown if true, under the pleadings as they
stood when the trial commenced.   Whether, therefore, these
proffered amendments are a part of the record or not, there
was no error nor abuse of discretion by the court in refusing
to allow them.

Counsel for the defendants also feels aggrieved because of
the failure to sustain a motion which he made to remand the
record for amendment so as to include in it the record of a
suit in equity which he claims was commenced in the district
court wherein this judgment was rendered, to vacate this

judgment, and grant a new trial.   His argument in support
of this is based upon the theory that such an equity suit in
its scope and effect is co-extensive and co-ordinate with a
motion for a new trial, the latter being available only during
the term in which judgment was rendered, while the former
is available within any reasonable time.   In general terms,
this may be accepted as true, but we have not been cited to
any authority nor do we know of any in support of the prop-
osition that such a suit takes the place of a motion for a new
trial, and becomes or could become a part of the record in the
action at law, until at least final judgment had been rendered,
or some injunctive process had been issued by a court of com-
petent jurisdiction.   We do not know·how such a doctrine
can be maintained either upon principle or reason.   Surely,
there would be no end of litigation if after a judgment was
finally rendered, a party could stay all proceedings there-
under simply by the institution of a suit in equity to vacate
the judgment, without obtaining any injunctive process what-
ever.   If, as they contend, the equity suit took the place of,
and became a motion for a new trial, then without any in-
junction it operated to stay all proceedings, and would stay
them until the final determination of the equity suit.   Such
a course of procedure would involve all litigation in confu-
sion, and would swell the records of a cause to an appalling
magnitude.   Equity may in proper cases set aside or vacate
a judgment and give a new trial, and it has power likewise
to absolutely annul it and declare it void, but neither upon
principle, reason, nor authority does the mere institution of
the suit operate to stay any proceedings under the judgment
which it is proposed to assail.   Before this result can be
attained, the equity court must stretch forth the strong arm
with which it is equipped to meet just such emergencies, and
enjoin further proceedings.   It has ample power to relieve
against the hardships of any imaginary cases which counsel
suggest.   We cannot admit that a mere pleading in an inde-
pendent equity suit can be injected into an action at law by
the mere force of its own momentum, and become a pleading

in such law action.   None of the cases cited by defendants in support of their position, *Bibend v. Kreutz*, 20 Cal. 111, *Snider v. Rinehart*, 20 Colo. 448, *R. R. Co. v. Murphy*, 111 U. S. 488, are at all in point as we read them.   In the California case, it was simply held that the statutory remedy by motion to set aside, was not exclusive, and that this remedy, being only available during the term at which the judgment was rendered, the assistance of equity might be invoked in a proper case, after the lapse of the term.   In *Snider v. Rinehart* it was held that a suit in equity might be maintained to secure a new trial on the ground of newly discovered evidence, if it appeared that the evidence was not discovered in time to have been presented upon the motion for new trial in the legal action.   We nowhere discover in the opinion anything which could be construed into support of the doctrine contended for by defendants.   Other cases cited are simply to the effect that a motion for a new trial properly interposed in a legal action, until passed upon, preserves the rights of the appealing party as to preparing and filing bill of exceptions, a proposition which will not be disputed, but which is not the proposition before us.   There was in this case no pending and undetermined motion for a new trial. The suit in equity to vacate the judgment, although begun within the ninety days fixed by the court within which the bill of exceptions was to have been filed, or within any other time, could not of itself have taken the place of a motion for a new trial.

We adhere to the opinion as first announced.   The judgment in the cause will be affirmed.

*Affirmed.*