Wilson, J.
This was an action on contract to recover for alleged services and money expended by plaintiff under employment by defendants in and about the superintendence and operation of certain mining property. The answer was simply a general denial, no new matters being set up. Upon trial, the verdict of the jury was in favor of plaintiff. Upon this, judgment was entered, July 16, 1896, on which day the defendants prayed an appeal to this court, which was allowed. They were given ninety days from that date within which to present and file their bill of exceptions. On November 9,1896, the appeal was upon motion of appellee dismissed by this court without prejudice. On December 9, 1896, the transcript of record and bill of exceptions was filed in this court on error, whereupon it was ordered that a writ of error issue, and that it become a supersedeas upon defendants’ filing a bond in the sum of $3,000. On December 11, the bond was filed and approved, and on the next day, a writ of error was issued and made a supersedeas by proper indorsement. On January 9, in this court, the defendant in error filed a motion to strike the bill of exceptions, because it was not presented *6 to the trial judge nor signed by him until after the expiration of the time fixed by the court for its presentation.
The bill of exceptions purports upon its face to have been presented to the trial judge for signature and to have been signed by him on December 8, 1896, fifty-five daj'S after the time had expired which was originally allowed by the court. It appears that on October 6, 1896, upon the application of defendants’, counsel to the judge of the district court before whom the trial was had, an ex parte order was made by the judge at chambers, extending the time allowed to defendants in which to file their bill of exceptions up to and including the first day of February, 1897. Appellants claim that by reason of this order, their bill was filed within apt time, and that the motion to strike should not, in consequence, be alloAved. This precise question came up and Avas decided by this court recently. Winter v. The People, 10 Colo. App. 510. It was there held adversely to the contention of the appellants. The question Avas so fully discussed in the opinion of the court in that case that it would be a needless repetition to discuss it again. It is presented in precisely the same manner as in this, there being no different features or circumstances Avliatever, and the briefs and arguments of counsel herein have not shaken us in our conclusions there reached. The question there and here determined did not and does not arise out of a mere rule of practice established by this court, but upon the construction of an express provision of the code, which is mandatory in its terms, and which this court has no power to vary, eAren if it should so desire. Even though it did not appear upon the face of the order that it was made at chambers and in vacation, this court would take judicial notice that the term of the Chaffee county district court, at which the original proceedings were had, had expired when it was made. Under the provisions of the code, the court might at any time during the same term have extended the time originally fixed for the filing of the bill of exceptions, but after the lapse of the term, the judge would have no such power. When the
*7 terna ended, the record of the court was closed, and the presiding judge had no further control over it. ■ The motion to strike the bill of exceptions must be sustained.
During the trial and after some testimony had been offered, defendants claim that they requested permission to file an amended answer, setting up certain facts, which they alleged would show that there was a defect of parties necessary to the determination of the issues, and praying that one D. W. Sutherland be made a party defendant. This application was denied, as defendants assert, and they insist that even though the motion to strike the bill of exceptions be sustained, this court is at liberty to consider and review the action of the trial court in refusing to permit the amended answer to be filed. This action appears, and defendant’s exception thereto is preserved, if at all, in the' bill of exceptions, and having now held as we do that this bill must be stricken out, we cannot see upon what theory or ground we can consider or entertain this question. It is not before us for review. ' Nothing appearing in the transcript of record upon which error has been or could be predicated, there is no alternative but to affirm the judgment, which is accordingly done.

Affirmed.