Bissell, J.
The disposition of what might be not inaptly termed an interlocutory question will dispose of this appeal and render it unnecessary to consider, except by the barest reference, any of the fifty-one errors which the appellant has assigned. Dixon sued the Beulah Marble Company for the value of his services as an attorney, which he laid at $3,000. The answer did not controvert the employment, the performance, nor the nonpayment of the fees. It denied that the services were worth the sum claimed, but conceded them to be worth $500. No question of tender is presented. The case appears to have been hotly contested before a jury, which found a verdict for the plaintiff in the sum of $2,500. We have less reluctance in disposing of this case on a technical proposition than we might have if we conceived that injustice had been done and an inequitable judgment rendered. We might under some circumstances have read the testimony in order to find out whether the rights of the parties had been cor *526 rectly and substantially settled even though we saw no escape from the affirmance of the judgment. We felt, however, the pressure of no duty to examine this record. In our state, as in territories regulated by the federal practice, jurors are the judges of the value of the services of attorneys, and they have a right in determining their verdict to give weight to or practically to disregard the testimony of the experts, and use their own experience and judgment in arriving at a conclusion. Under these circumstances it rarely happens that an attorney obtains from a jury a verdict for more money than he clearly proves he has earned, and when the jury renders a verdict for $2,500 it furnishes very satisfactory proof and an almost conclusive presumption that the attorney was entitled to his fees.
The principal proposition on which the case turns respects the bill of exceptions. With it out of the record we have nothing on which we can consider any of the numerous questions on which the appellant relies. This case was tried at the September term of 1896. At that term an order was entered fixing a time for the giving of an appeal bond and filing the bill of exceptions; the bond was to be filed in thirty days and the bill of exceptions was to be filed by the 17th of January, 1897. Within the time limited the bond was given and approved, but at another term of court, and on the 16th day of January, 1897, a motion was made to extend the time within which the bill might be filed. A notice of the application was served, the matter came on, and the court then made an order, which was in the January term, extending the time fifteen days, and within this period the bill of exceptions was prepared, tendered for signature and signed. The only question respects the power of the court at the subsequent term to extend the time for the filing of the bill. In many of its different phases this question has been presented to the court, but until about a year ago we were never called on to directly decide it. Theretofore there had always been some element of laches, as in the Ritchey ease decided by the supreme court in the 28d Colorado, p. 814, or the parties had *527 made a stipulation respecting the entry of the order, which in most cases would estop them from 'raising any question respecting the regularity of the procedure or the power of the court to make the order. In two somewhat recent cases the question was fairly and squarely presented and the matter received very careful attention. The court held, in accordance with the general rule which prevailed at the common law, that the judge or the court, either one or both, were entirely powerless to interfere with the judgment theretofore entered or make orders in a case which had gone to final judgment after the term had adjourned. We have discovered nothing hi the arguments of counsel on this question to disturb our conclusions. We refused to dismiss the case on motion and left it for final argument, that the parties might have ample opportunity to examine and investigate the question, but they have furnished us no new light and our opinion remains as before. In the absence of statute neither the court nor the judge can extend the time for filing the bill of exceptions. Winter v. People, 10 Colo. App. 510; Van Duzer et al. v. Towne, ante, p. 4.
This doctrine is fully supported by the text writers, and Judge Elliott, in his very excellent work on appellate procedure, expresses the same conclusion. Elliott on Appellate Procedure, §§ 800-803.
How far, if at all, the case would be affected by giving the appeal bond, which has been generally held to oust the inferior court of all jurisdiction and vest it in the appellate tribunal, we need not consider; if it has any force it is simply an added reason in support of the view which the court takes that the bill of exceptions is no part of the record. Counsel have called the attention of the court to another section of the code, 382, querying whether or not within that section might not be found power to make such orders. We are unable to so conclude. The provisions of section 382 simply concern the time within which acts are to be done which are provided for by the act. It relates to pleadings, undertakings, justifications of sureties and similar matters *528 other than matters of appeal or bills of exception. It only provides that the time allowed by the act may be extended by the court in which the action is pending. This language ex vi termini excludes the idea that it was the intention of the legislature to grant authority to the judge or to the court in cases which were not pending but which had gone to final judgment. We think this is a matter of more force than the suggestion which has been urged, although that is not without its value, that by the express language of the section matters of appeal or bills of exception and amendments thereto are excluded.
We are therefore compelled to strike the bill of exceptions from the record, which leaves it to stand only on the pleadings, motions and other matters which constitute a part of the record proper. This being done we are unable to discover in them any error which either compels or justifies the reversal of this case. One of the principal questions on which counsel rely is the giving of the instructions to the jury orally. Leaving out of consideration what is contained in the bill of exceptions we do not discover this to have been the fact. The instructions, both those given and those refused, which are found in the record proper and identified by the signature of the judge, with the words given or refused thereon, appear to have been in writing and to have been so submitted. We are not at liberty to resort to the bill of exceptions to find out the circumstances under which they were given. We are therefore relieved from what might otherwise be an embarrassing discussion whether counsel had not waived their right to take exceptions to the method by which the jury was instructed when it was only at an adjourned session of the case that the question was first called to the attention of the court.
W e likewise need not discuss the instructions either as a whole or singly because the evidence to which they were to be applied is not before us, and we cannot determine whether they were or were not applicable, and whether counsel had or had not the right to complain of the form in which they *529 were put. We need only say, that regarded as abstract propositions we do not discover that any of them are fundamentally bad and that under no conditions or state of facts could they have been properly addressed to the jury. Since this is true, the record furnishes no basis on which we can proceed. As the record stands without the bill of exceptions we regard this as a sufficient and substantial determination of the rights of the parties, and as the judgment rests on the verdict of a jury and the action was for attorney’s fees, we conclude injustice was not done, and being unable to discover any error which compels or warrants the reversal of the judgment, it must necessarily be affirmed.

Affirmed.