[No. 3883.]

WINTER v. THE PEOPLE.

APPELLATE PRACTICE—BILL OF EXCEPTIONS—EXTENSION OF TIME FOR FILING—JURISDICTION.
A judge in vacation has no jurisdiction to extend the time for filing a bill of exceptions fixed by order of court during the term.

*Error to the Court of Appeals.*

Mr. JOHN W. CRUMP, for plaintiff in error.

Mr. JESSE STEPHENSON and Mr. C. M. CORLETT, for defendant in error.

PER CURIAM.    This cause came to the court of appeals from the county court; hence our jurisdiction is rightly invoked.

The defendant in error (appellee in the court of appeals) renews the motion, seasonably interposed when the appeal was pending, to strike from the record the bill of exceptions

upon the ground that it was not filed within the time origi-
nally fixed by the county court therefor.   Within that time,
however, the county judge, in vacation, upon notice to the
appellee, gave further time for tendering the bill, and within
the period as thus extended, the same was tendered, settled,
signed and sealed by the judge.

The question, therefore, is : May the judge of a court, in
vacation, make a valid order extending the time, theretofore
fixed by the court, for filing a bill of exceptions ?   In *Water
Supply Co. v. Tenney,* 21 Colo. 284, we held that a bill of ex-
ceptions may be settled, signed and sealed by the judge who
tried the case, after he ceases to be judge.   But these steps
in the making of the bill were taken within the time limited
therefor by the trial court at the term at which the judgment
was rendered.   In that case it was held that the acts there
done by the trial judge being ministerial, not only might be
performed in vacation, but by one who had ceased to be judge.
The precise question that is now before us was not then in-
volved or determined, and, so far as we can ascertain, has
not hitherto been before this court.

Our court of appeals in three cases ( *Winter v. The People*
—being the case now before us—10 Colo. App. 510 ; *Van
Duzer v. Towne,* 12 Colo. App. 4 ; *Beulah Marble Co. v.
Dixon,* 12 Colo. App. 525), has exhaustively discussed various
phases of the power of the court as contradistinguished from
that of the judge in vacation.   In the two former cases, con-
struing section 385 of the civil code, providing in reference
to a bill of exceptions : " It shall be the duty of the judge to
allow the same, and to sign and seal the same at any time
during the term of the court at which such exceptions were
taken, or at any time thereafter to be fixed by the court,"
the decision was that an order extending beyond the adjourn-
ment of the term the time within which a bill of exceptions
may be filed, by the express language of the section is made
a judicial act ; and, after the expiration of the term, though
within the time previously fixed by the court for tendering a
bill, a valid order may not be made by the judge in vacation

extending that time. In the latter case it was ruled that, at a subsequent term, even the court cannot extend the time allowed at a previous term. This last point is not in this record and we withhold opinion upon it.

A ruling on the motion to strike was asked before the cause was ready for submission, and no argument was heard and no citation of authorities made, our attention merely being called to the fact that the time for tendering the bill had been extended. The application was then denied, but at the oral argument, on the final hearing, we permitted a re-argument.

Our first impression was that the order of extension was valid; but after a careful examination of the opinions of the court of appeals in the cases referred to, and of the sections of the code which control, our opinion accords with the conclusion reached by that tribunal that such an order by the judge in vacation is invalid. Section 408 of the code reads: " In vacation, at chambers, the judges of courts of record, in their respective districts and counties, may hear and determine any and all motions and demurrers; *   *   * may make and direct any and all interlocutory orders, rules or other proceedings preparatory to the trial and disposition of causes on the merits." The words, " all motions," are broad enough to include a motion after final judgment for additional time for tendering a bill of exceptions; but we think, taking the section as a whole, " motions " are restricted to interlocutory applications made during the pendency of the cause in court, and do not embrace such as are made after final judgment.

Section 382 has been referred to as authorizing the act here sought to be justified. The court of appeals in construing this in the *Beulah Marble Co.* case, *supra*, held that, by the express language of the section, motions relating to appeals and bills of exceptions, or amendments thereto, are excluded. However that may be (as to which we express no opinion), the section in terms provides that it is only the time allowed by the act, and not by the court or judge, which may be extended. Since by section 408 the order extending the

time beyond the term of the court for filing the bill of exceptions is fixed by the court, and not by the code, section 382 cannot be construed as bearing upon the question.

The reasoning of the court of appeals in the cases cited seems satisfactory upon the single question before us, and further argument is unnecessary. It follows that the order heretofore entered herein denying this motion to strike should be, and the same is hereby, vacated; and another order is entered, sustaining the motion, and the bill of exceptions will be stricken from the files. There being no record, therefore, upon which the errors assigned and argued are based, the writ of error must be dismissed and the judgment of the court of appeals affirmed, and it is so ordered.

*Writ of error dismissed and judgment affirmed.*