[No. 5552.]

[No. 3228 C. A.]

MOORE v. ANDREWS.

**Practice—Appeals—Bills of Exception—Extension of Time for Tendering.**

The trial court has no authority at a subsequent term of court to enlarge the time fixed at a former term for tendering a bill of exceptions although the order enlarging the time is entered upon notice and before the expiration of the time fixed at the former term for tendering the bill.

*Appeal from the District Court of the City and County of Denver:*

*Hon. Booth M. Malone, Judge.*

*On application for rehearing on motion to strike bill of exceptions.*

Messrs. STUART & MURRAY, for appellant.

Mr. E. E. McGINTIE, for appellee.

*Per Curiam.*—August 3, 1894, at the April term of said district court, final judgment was entered in this cause, and sixty days given appellant for tendering bill of exceptions. Through no fault of appellant or her counsel the bill of exceptions was not prepared, and on September 29, at the September term of said court, upon notice to appellee an order of court was made enlarging the time for tendering the bill of exceptions. Within such enlarged time the bill of exceptions was tendered, signed and sealed. The record, including the bill of exceptions, was lodged in the court of appeals, to which the appeal was taken January 11, 1905. February 20 following

appellee moved to strike the bill of exceptions from the files. This motion was sustained by the court of appeals and an application for rehearing upon the motion to strike was filed by appellant. This application for a rehearing has come to this court with other unfinished business from the court of appeals.

Involving as this application does an important question of practice we have deemed it wise to place our ruling thereon in the form of this opinion.

The gist of the facts is: At the April term the court fixed the time within which appellant might tender her bill of exceptions. The bill was not tendered within the time so fixed. At the ensuing September term the court modified the order made at the April term by enlarging the time then fixed for tendering the bill of exceptions. The court had no power to make this order.

In *Winter v. The People,* 10 Colo. App. 510, it was held that a judge was without power after the adjournment of the term at which an order was made fixing a time for tendering a bill of exceptions to enlarge the time so fixed. To the same effect is *Van Duzer v. Towne,* 12 Colo. App. 4.

*Winter v. The People, supra,* was approved in *Winter v. The People,* 27 Colo. 136. The precise question involved in the present case, that is, power of the court at a subsequent term to enlarge the time given by the court at a previous term for tendering the bill of exceptions, such order at the subsequent term being made upon notice, and before the expiration of the time fixed in the original order, has never been ruled by this court. This exact question, however, has been before our court of appeals and ruled in *Beulah Marble Company v. Dixon,* 12 Colo. App. 525, the court holding that the statute had not given to the court the power at an ensuing term to make the order here in question, and that "In the absence of

statute neither the court nor the judge can extend the time for filing the bill of exceptions.''

The decision of this question in the last men-tioned case is satisfactory to us, and for the reasons therein assigned the motion for a rehearing upon the application to strike the bill of exceptions of appellant from the files will be denied, and the ruling of the court of appeals striking the bill of exceptions from the files will be adhered to.

Application for rehearing denied.

*Denied.*