[No. 6430.]

## GUYTON v. NEAL.

1. **Bill of Exceptions—Extension of Time to Tender—** Under the code provision (Code § 385) an order extending the time for tender of a bill of exceptions, entered after the lapse of the term at which the exception was taken, is without effect. —(552)

2. **Mandamus—Where the Writ Lies—**Not to compel a sheriff or constable to surrender goods seized upon a search warrant, in excess of what is described therein, while the proceedings under the search warrant are still pending.—(552)

3. **Replevin—Where the Action Lies,** against sheriff for goods seized under a search warrant which are not described therein.—(553)

4. **Search Warrant—Disposition of Goods,** is controlled by the statute. Mills' Stat. § 1492, Rev. Stat. § 1937.—(552)

5. **Pleadings—Presumptions—**Facts not alleged or adverted to in the complaint are not to be presumed in order to sustain a judgment for the plaintiff.—(553)

6. **Relief—**The complaint prayed the writ of mandamus to compel restitution of goods seized by the officer at plaintiff's premises, under a search warrant. Judgment was given accordingly. On appeal it was sought to sustain the proceeding as, in effect, an action of replevin. But there being no allegation of property in the plaintiff, or damages suffered by reason of the detention of the goods, and the judgment not being for a return of the goods, or in default the value, the contention was repelled.—(553)

*Error to Teller District Court*—Hon. WILLIAM P. SEEDS, Judge.

Mr. EDWARD J. BOUGHTON and Mr. C. A. GILLETTE for plaintiff in error.

Mr. J. McD. LIVESAY for defendant in error.

Mr. JUSTICE WHITE delivered the opinion of the court:

The defendant in error, as plaintiff in the court below, brought suit against the plaintiffs in error, as defendants. The complaint, in substance, alleges

that defendant Guyton is a constable of Teller County, and defendants Naylor and Arnold are deputy sheriffs therein; that a warrant based upon a complaint filed before a justice, of the peace was issued and delivered to defendants, commanding them to search plaintiff's premises for certain gold-bearing ore of the value of $21.00 alleged to have been stolen; that defendants, acting in their official capacity, and claiming to proceed under the search warrant, searched the place of business of plaintiff and took therefrom gold bullion and gold-bearing ore of a given value many times greater than the value of the ore designated in the warrant; that defendants had no right, acting officially, to seize or take other property than that mentioned in the search warrant; that no suit or complaint of any nature is pending, affecting or denying plaintiff's right to the property, save and except the claim for the amount and value of the ore designated in the warrant; that it is the duty of the defendants to turn over to plaintiff all of the property, save and except the $21.00 worth of gold-bearing ore mentioned in the warrant; that they have refused to turn over the property, or any part thereof, to plaintiff, and intend to persist and continue in such refusal unless compelled by the court to restore the property to plaintiff; that plaintiff has no speedy, plain or adequate remedy in the ordinary course of law, and prays for the writ of mandamus to compel the defendants to deliver the property to plaintiff, and for all proper relief in the premises.

The alternative writ, embodying a copy of the complaint, was issued and served. Thereupon defendants demurred, for the reason, *inter alia*, that no cause of action appeared, and the demurrer being overruled, answered. Guyton's answer, after admitting his official position, denied, substantially,

the allegations of the complaint. Naylor and Arnold, by their answer setting forth three defenses, admitted, substantially, their respective official positions, the taking of the property from the place of business of plaintiff under the search warrant, denied its value as claimed, and alleged a lesser value of the property; that the property belonged to some person or persons for whom the Cripple Creek District Mine Owners' and Operators' Association was the agent; that they had delivered the property to such agent, and no longer had control over the same; that the writ of mandamus is not the proper remedy, and plaintiff has a plain, speedy and adequate remedy at law for the possession of the property, and had brought a replevin suit against the defendants in the district court within and for the county of Teller for the possession of the ore alleged to have been wrongfully taken under and by virtue of the warrant mentioned in the complaint. No replication was filed, and the cause went to trial to the court.

January 5, 1907, at the September term, the issues were found in favor of plaintiff, final judgment was entered accordingly, and sixty days given defendants in which to tender and file their bill of exceptions. No bill of exceptions was tendered within the time fixed by the order, but on March 2, 1907, at a subsequent term of the court, an order was made extending the time for tendering the bill of exceptions. Subsequently, at various times, other like orders were made enlarging the time in which to file the bill of exceptions. July 1, 1907, within the time fixed by the last designated order, the bill of exceptions was tendered to the judge, signed, sealed and filed. In due time, after the record was lodged in this court, defendant in error appeared, and filed a motion to strike the bill of exceptions because it had not been tendered to the judge, signed and sealed,

within the time fixed by the court at the term in which the judgment was entered. The motion was continued for determination until the final hearing of the cause. The time fixed by order of the trial court in which a bill of exceptions may be tendered, signed, sealed, filed and made a part of the record, cannot be extended or enlarged at a subsequent term of the court. An order so made is without authority, and can have no force and effect.—*Moore v. Andrews*, 34 Colo. 67; *Beulah Marble Co. v. Dixon*, 12 Col. App. 525.

The motion to strike the bill of exceptions from the record must, therefore, be sustained, and it is so ordered.

As the matter now stands, the only assignments of error we can consider are those based upon the record proper.

We are of the opinion that the pleadings fail to state a cause of action. If the defendants seized the property under and by virtue of the search warrant, it was incumbent upon them to deal with it only in accordance with the provisions and terms of § 1492, Mills' Annotated Statutes. They could not rightfully restore it to the plaintiff until the justice of the peace had examined witnesses, and determined that the property seized was not stolen, or, if found to be stolen, until the happening of the conditions precedent to such restoration, or some of them, named in the statute. The pleadings clearly show that the complaint upon which the search warrant was issued is undisposed of, and that cause still pending. From aught that appears in the pleadings, no evidence has been taken by the justice of the peace concerning the property, or any part of it; nor has the justice of the peace made any order relative thereto. Therefore, mandamus will not lie. If the excess property was not seized under the search warrant, it was a

seizure without statutory authority, and the remedy of plaintiff is not mandamus, but replevin, or some other appropriate procedure in the ordinary course of law.

Plaintiffs in error contend, however, that this case is something more than an action in mandamus; that, while it is designated such, the facts are fully stated in the pleadings, and authorize the judgment rendered; that the case was contested, and each side had its day in court, and, therefore, under the condition of the record, the judgment should stand.

Were we to concede that a mandamus suit can be transformed into an action of replevin or for damages, plaintiffs in error can in no wise profit thereby. Though the case be contested, it is only the issues raised by the pleadings that can be presumed to have been established on behalf of the party in whose favor the judgment is. We may presume that all material allegations of plaintiff's pleadings were fully established by the evidence. We cannot, however, presume that certain essential facts, not pleaded, were proven. We cannot presume that the property belonged to plaintiff, or that he was entitled to its possession, and suffered damages by reason of its detention. No such allegations are made in the pleadings. On the contrary, the pleadings admit, through the undenied allegations of two of the defendants, that the excess ore and gold bullion was stolen; that it belonged to some person or persons for whom the Cripple Creek District Mine Owners' and Operators' Association was the agent, and that defendants, or some of them, delivered the property to such agent and no longer had control over the same. The mere fact that property, conceded to have been stolen, was taken from the place of business of plaintiff, and delivered to an agent of the rightful owners thereof, cannot vest in the

plaintiff an action for damages against the taker thereof, unless there be facts and circumstances pleaded and proven to show that such plaintiff had suffered an injury; nor can the case be said to be in replevin. The judgment is not in the alternative for a return of the property, or in default thereof for its value. The judgment is, therefore, reversed.

*Reversed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE BAILEY concur.